SHERWOOD AND ANOTHER *vs.* SMITH AND OTHERS.

The right to charge, as an advancement, property conveyed by a father to his son, must exist at the time of the conveyance.

Where a father.conveys and charges estate to his son, as an advancement, and afterward converts it into an absolute gift, it is not competent for the father again to convert the same into an advancement, without the knowledge, or consent, of his son.

A father, by merely charging his son with a sum as an advancement, without the transfer of any property at the time, can not deprive the latter of a full distributive share of his estate, upon his dying intestate.

An intestate made a conveyance of real estate to his son, and charged it to him as an advancement. He afterward conveyed property, as advancements, to his two daughters, (said son and daughters being his only children.) He subsequently converted the property, conveyed to his son, into an absolute gift, with the mutual understanding, that no charge for any advancement should be made against either of his children. Afterward, without the knowledge of either of his children, he made entries upon his book, charging as advancements the property so conveyed to them, but never intended that any of his children should be so charged, unless all were. On an.appeal by the children and heirs at law of the son, from an order of the probate court, finding the amounts specified in said entries to be advancements, to which appeal said daughters of the deceased were made appellees,—it was held, that such decree should be set aside, both as to the appellants and the appellees.

The superior court, upon an appeal from a decree of a court of probate, may disaffirm such decree in part, with directions to said court of probate as to further proceedings.

Sherwood and another *v.* Smith and others.

THIS was an appeal from a decree of the court of probate for the district of Fairfield, finding that certain advancements had been made to the children of Jeremiah Sherwood, deceased, and directing that distribution of his estate should be made accordingly.

Upon the hearing of the case before the superior court for Fairfield county, at the February term, 1855, the following facts were found:

In 1824, Jeremiah Sherwood conveyed to his son, Gershom W. Sherwood, certain real estate, of the value of $1,100, and charged the same to him, as so much advanced toward his portion. Afterward, the two daughters of Jeremiah married, and he advanced to each of them the sum of $323. In the year 1844, after these advancements had been made, the said Jeremiah, having no other children than the son and the two daughters, the son requested his father to erase the charge against him of $1,100, to which the father assented, and accordingly made the erasure, with the mutual understanding that the donation to the son should be converted into an absolute gift, and that no charge, for any advancement, should be made against either of the children.

The son died about four years afterward, leaving the two appellants, his sons and heirs at law. The father died in 1854, leaving the appellants and his two daughters, his heirs at law.

After the said Jeremiah had erased the charge against his son, but at what time, whether before, or after, his son's death did not appear, he made the following entries upon his book:

" Gershom Sherwood, 1824. To eleven hundred dollars, toward your portion.

" Pamela Sherwood, 1825. To three hundred and twenty-three dollars, toward your portion.

"Delia Sherwood; 1830. To three hundred and twenty-three dollars, toward your portion."

The son, in his lifetime, had no knowledge of these entries,

or of any change in the intention of his father, respecting the gifts made to his children; nor had the appellants any such knowledge, until after the death of their grandfather, nor did it appear that any charges had ever been made against the daughters, until these entries were made. The deceased, in making the entries, never intended that one of his children should be charged with an advancement, unless all were, in the manner therein stated.

After the death of Jeremiah, the book containing these entries was exhibited to the court of probate, and that court made an order, that the heirs of the deceased should be charged with advancements, as specified in these entries. From that decree, the grandsons of the deceased appealed, and the two daughters and their husbands were made defendants.

Upon these facts, the superior court reserved for the advice of this court, the following questions, *viz.:*

1. Could the said Jeremiah, after the erasure of the first charge upon his book, in the manner stated, without the knowledge or consent of his son, convert the donation from an absolute gift, into an advancement, so as to deprive the appellants, his heirs at law, of their full distributive shares?

2. If he could not, what decree ought to be made, that justice may be done to the parties?

*Hawley* and *Sturges,* for the appellants.

1. The property conveyed from Jeremiah Sherwood to his son, having been made an absolute gift by an agreement between them, could not afterward be converted into an advancement, without the knowledge or consent of the son. An advancement is property given by anticipation, as a part of the estate of the ancestor. According to the civil law, it is a gift received, upon an engagement, by the donee, to bring it into the mass of the inheritance, to be distributed with it. 2 Dom. Civil L., § 2947. To make a donation an advanced portion, it must be delivered and received as such. This incident or quality must be impressed upon it at its origin, and

Sherwood and another *v.* Smith and others.

continued until the death of the ancestor. It is in the power of the donor, having once parted with his property as an advanced portion, to continue the gift in that form until his death, just as he may make a disposition by will. And as he may revoke his will, so he can remove the quality impressed upon the gift delivered, and the condition upon which it was received as a part of his estate, and convert it into an absolute gift. But when converted into an absolute gift, it is utterly beyond the donor's control. He can not subject it, in the hands of the donee, to the condition of a divided portion, or any other condition whatever. By the custom of London, "If the father declares by his will, that the money given to the daughter was not a full advancement, it is sufficient, though by a subsequent will he declares the contrary." 4 Com. Dig., Guard. G. 2. 2 Ca. Ch., 117. The law of advancements is derived from the civil law, and by that law the intention of the donor governs. Things given to one child, as an advantage over other children, are not advancements. 2 Dom. Civil L., § 2964. *Johnson* v. *Belden*, 20 Conn. R., 322. *Clark* v. *Warner*, 6 Conn. R., 355, 360.

2. The superior court can not review, or alter, those parts of the decree not appealed from. The issue does not embrace those parts of the decree, relating to the advancements to the appellees. The finding of the court, that it was never intended that one child should be charged with an advancement, unless all were, was not within the issue, and no decree could be passed upon it. *Kelsey* v. *Western*, 2 Comst., 500. 3 Bligh, 261. 8 Cow., 328.

*Butler & Carter*, and *Beardsley & Seeley*, for the appellees.

1. It was entirely competent for the intestate to revise his original intention, and charge the gift made to his son, as an advancement. This did not affect the title of the son to the gift, but only his interest in the estate left at the death of his father. If the erasure of the first charge would not restrain

the father, from providing in his will that the son should receive proportionately less of his estate, in consequence of the gift, it can not operate to estop him from reviving the charge as an advancement, which was but a legal method of effecting his last intent as to the disposition of his estate.

2. The assent of the donee to the charge of an advancement is never necessary to its validity. Nor is it ever necessary he should know it at all, nor that it should have been originally intended, when given, as an advancement. 1 Sw. Dig., 458.

3. The agreement, that it should be considered an absolute right, was not a contract, but a mere consent to abandon his right to make such a disposition of his estate, as he might ultimately desire to do. This can not estop him.

4. It is as much against the policy of the law to put restraints upon making a final disposition of property as a party may desire, either by gift, or advancement, as by will. 3 Conn. R., 31. 6 Conn. R., 356. 1 Sw. Dig., 458.

5. The appellants stand in no better position, than Gershom Sherwood would, if living. They come for the portion of the estate, remaining undisposed of at the death of the intestate, by virtue of the statute of distribution, which he would be entitled to, if alive. It would be obviously unjust to hold the charges against the daughters as advancements, without holding the charges against Gershom to be such. The court must hold the charges against the daughters as advancements, and can only do justice between the parties, by holding all so.

WAITE, C. J. If Jeremiah Sherwood had conveyed the property to his son, as an absolute gift, he could not afterward, without the consent of his son, convert that gift into an advancement, although at the time of the transfer, it was competent for him to give it either character, as he pleased. The right to charge, as an advancement, must exist at the time of the conveyance.

Nor could he deprive his son of a full distributive share of his estate, upon his dying intestate, by merely charging him with a sum, as an advancement, without the transfer of any property. For although it was competent for him to direct in what manner his property should be distributed, after his decease, yet he could do it only by will, executed in the manner required by law, and not by a simple entry on his book.

Children can only be charged with advancements, who, in the language of our statute, "have been advanced by settlement, or portion," and in the absence of any special agreement, to the extent only of the value of the property given.

It has been holden that a father may convey property to a son, partly as a gift, and partly by way of advancement. Could he, after a conveyance so made, charge the whole as an advancement? Clearly not. *Meeker* v. *Meeker*, 16 Conn. R., 387.

A son might be willing to receive property as a gift, which he would prefer not to take, as a part of his portion in his father's estate. He might be willing to receive a collegiate education, if the expenses were borne as a gift, when, if they were to be charged to him as an advancement, he might prefer having the amount in a different form.

Although the property, in the present case, was originally given and charged to the son as an advancement, yet, by their subsequent arrangement, that conveyance was converted into an absolute gift, and from that time stands in the same situation, as if it had originally been so given. And in our opinion, it was no more in the power of the father, by his single act, to change the character of the conveyance, than to rescind it.

If the decree of the court of probate, for the reasons stated, is to be set aside, a further enquiry arises, attended with no little difficulty, and that is, to what extent is it to be vacated?

That court has found, not only that the appellants are

HARVARD LAW SCHOOL LIBRARY

chargeable with an advancement, but that the appellees are chargeable in like manner; and the superior court has further found, that it was not the intention of the deceased to make any of his children so chargeable, unless all were.

The appellants only have appealed, and if the decree is set aside, so far as it relates to them, and left in force as to the appellees, manifest injustice will be done. Hence the question arises, whether a decree can be set aside, in favor of a party that has taken no appeal. This we think could not be done, were the rights of the appellees affected by a decree, distinct and independent of the one of which the appellants complain. But in this case, all the doings of the court of probate, in relation to the advancements, are embraced in a single decree, in which there is error; and although it might be competent for the superior court to disaffirm it in part, with directions to the court of probate as to further proceedings, yet we are inclined to the opinion that the whole decree ought to be set aside, and we so advise the superior court.

In this opinion the other judges concurred.

Decree of probate to be reversed.