### EZEKIEL PORTER *versus* JEREMY W. PORTER.

A writing in these words, "value received of E. P., I promise to pay him or his order seven hundred dollars without interest to be allowed on settlement, no interest to be reckoned," will be legally construed a promissory note for that sum without interest; the last clause being regarded as surplusage.

No time of payment being named in the note, it is payable on demand.

There is no such ambiguity as to authorize oral testimony to explain its terms or qualify its construction.

Parol testimony is not admissible to show that the note was given for money received by way of advancement from the father to the son (the defendant) there being no ambiguity in the note itself that requires it.

Besides, the statute (R. S., c. 75, § 5) provides that gifts, &c., shall be deemed advancements when expressed in writing to be such.

Porter *v.* Porter.

EXCEPTIONS from the ruling at *Nisi Prius* of APPLE-TON, J.

This was an action of ASSUMPSIT on a note, or written contract, signed by the defendant, of which the following is a copy :—                          "November 9th, 1841.

"$733,33. For value received of Ezekiel Porter, I promise to pay him or his order seven hundred and thirty-three dollars and thirty-three cents without interest to be allowed on settlement, no interest to be reckoned.

"Strong, November ninth, one thousand eight hundred and forty one."

It was proved by the plaintiff, subject to objection, that the instrument declared on was actually made and signed by the defendant, on or about the 17th of February, 1857.

The defendant offered to testify, and prove by another witness, that the consideration of the note, or contract, was given by the plaintiff to the defendant, who is a son of the plaintiff, as an advancement, and was so intended by the parties at the time said note was given in 1857.

To the introduction of this testimony the plaintiff seasonably objected, but the presiding Judge overruled the objection and permitted this evidence to go to the jury.

The Court instructed the jury that they might judge, from all the evidence and circumstances in the case, whether the sums for which said note was given, were intended as a gift and an advancement, and intended by the parties, at the time the note was given, to be allowed as such in the settlement of the plaintiff's estate after his decease ; and, if they should so find, that this action could not be maintained.

The verdict was for the defendant. The plaintiff excepted.

The case was argued by

*H. L. Whitcomb,* in support of the exceptions, and by

*Linscott & Pillsbury, contra.*

The opinion of the Court was drawn up by

RICE, J. — The case is assumpsit on the following instrument : —　　　　　　　　　　　"November 9, 1841.

"$733,33.　For value received of Ezekiel Porter, I promise to pay him or his order seven hundred and thirty-three dollars and thirty-three cents without interest to be allowed on settlement, no interest to be reckoned.

"Strong, November ninth, one thousand eight hundred and forty-one.　　　　　　　　　　　" J. W. PORTER."

The controverted propositions are whether this instrument is a valid promissory note, or whether it is so ambiguous in its language, or was given under such circumstances as will authorize the introduction of oral testimony to explain its terms, or qualify its construction.　If that part of the instrument which immediately follows the words "without interest," were omitted, the instrument would be thereby simplified.　It would then be in form a promissory note, complete in its terms, and perfect in all respects except as to time of payment.　The omission of a specific day of payment does not, however, deprive it of its character as a promissory note.　Where a note does not specify any day or time of payment, it is by law deemed payable on demand, and therefore is construed as if it contained the words *payable on demand*, on its face.　Story on Prom. Notes, § 29.

Do the words following "without interest," change, or in any way modify the legal construction of the instrument? We think not.　It is manifestly an instance of redundancy of words often found in instruments drawn by the unskilful or in the writings of the illiterate, and designed strongly to express an idea then prominent in the mind.　In this instance the idea expressed is, that on the settlement of the note no interest shall be computed.　That idea was fully expressed by the words "without interest."　Striking out the redundant words as surplusage, and the instrument is, in form and legal effect, a promissory note for the sum of seven hundred and thirty-three dollars and thirty-three

cents, payable on demand without interest. Such also is its legal construction as it stands.

Where a promissory note, on its face, is payable on demand, oral evidence of an agreement, entered into when it was made, that it should not be paid until a given event happened, is inadmissible. Story on Prom. Notes, § 24; Chit. on Bills, 162; *Farnham* v. *Ingraham*, 5 Vt., 114; *Woodbridge* v. *Spooner*, 3 B. & Ald., 233; *Mosely* v. *Hanford*, 10 B. & Cress., 729.

Parol evidence cannot be received to vary the meaning of a written contract, by adding to its terms, or by extending or limiting them, or by introducing an exception or qualification, or by proving a different contemporaneous agreement. *Boody* v. *McKenny*, 23 Maine, 517; Story on Cont., §§ 669, 671; 1 Greenl. Ev., § 275; *Hunt* v. *Adams*, 7 Mass., 518; *City Bank* v. *Adams & trustee*, 45 Maine, 455.

But it is contended that parol evidence is admissible to show want of consideration in a promissory note. Such is undoubtedly the law. In this case, however, it is conceded, or at least not denied, that the defendant actually had received from the plaintiff the amount of money specified in the note. The ground of defence is, that the money thus received, was by way of advancement from the father to the son, and the oral testimony was admitted to show that fact. The question now is, whether the instrument could legally be thus explained or qualified.

We have already seen that there is no ambiguity or uncertainty on the face of the instrument, and, therefore, it is not open to explanation by oral testimony on that ground.

In relation to advancements, it is provided in c. 75, § 5, R. S., 1857, that "gifts and grants of real and personal estate to a child or grandchild are deemed an advancement when so expressed therein, or charged as such by the intestate, or acknowledged in writing to be such."

In this case, there is nothing on the face of the note tending to show that the plaintiff intended the consideration

thereof as an advancement, or that the defendant intended to acknowledge it as such. The language used will not admit of such construction.

The transaction having been reduced to writing by the parties, and that writing being free from ambiguity and capable of a legal construction, on general principles parol testimony cannot be received to explain or qualify it.

But, aside from this general objection, the statute already cited manifestly contemplates that evidence of advancements shall be in writing, and therefore not open to explanation by oral testimony. Such has been the decision of the Court in Massachusetts on a statute, in all its substantial provisions, like our own, and from which ours was evidently copied. *Barton* v. *Rice*, 22 Pick., 508.

The plaintiff's exceptions to the introduction of oral testimony to explain and qualify the note in suit, are well taken and must prevail.

The defendant's objections to the introduction of evidence to show the true date of the transaction between the parties were not relied upon at the argument.

*Exceptions sustained;* —
*Verdict set aside, and*
*New trial granted.*

TENNEY, C. J., APPLETON, DAVIS and WALTON, JJ., concurred.