NANCY P. ELLIOTT, Appellant, *vs.* THE WESTERN COAL AND MINING COMPANY, Appellee.

*Opinion filed February 16, 1910.*

1. ADVANCEMENTS—*no material part of proof necessary to show advancement can be supplied by parol testimony.* Under section 7 of the Statute of Descent no material or essential part of the proof necessary to establish an advancement can be supplied by parol.

2. SAME—*intention that gift should be an advancement must be expressed in manner required by statute.* Prior to the enactment of section 7 of the Statute of Descent it was a question of intention whether a gift from parent to child was an advancement, and oral declarations of the donor at the time were admissible, and while the question of advancement is still one of intention, yet such intention must now be expressed as required by statute.

3. SAME—*subsequent declarations of donor are not admissible to establish an advancement.* Declarations of the donor, whether oral or in writing, made several years after giving property to his child, are not admissible to show that the gift was intended as an advancement.

4. SAME—*not every gift from parent to child is to be regarded as an advancement.* The mere fact that a parent has given property to one child and not to another, or has given more to one than another, is not sufficient to charge the favored child with an advancement in the distribution of the parent's estate.

5. SAME—*when a gift cannot be changed into an advancement.* A gift of land from parent to child becomes complete upon the delivery of the deed, and the parent cannot in after years, except by a legally executed will, change such gift into an advancement

by annexing the condition, not before existing, that the land was to be in full of the donee's share of the parent's estate.

6. SAME—*parol evidence of intent at time gift was made is immaterial.* Under section 7 of the Statute of Descent, providing that no gift or grant shall be deemed an advancement unless so expressed or charged in writing by the donor or acknowledged in writing by the donee, parol evidence of the donor's intention at the time the gift was made is immaterial.

APPEAL from the Circuit Court of Franklin county; the Hon. WILLIAM H. GREEN, Judge, presiding.

ROBERT T. COOK, and W. F. SPILLER, for appellant:

Whether a gift or conveyance is to be regarded as an advancement or not is to be determined by the intention of the donor at the time the gift was made. Woerner on Administration, sec. 555; *Comer* v. *Comer,* 119 Ill. 170.

The intention of the grantor at the time of the execution of the deed is decisive of the character of the grant and must be in writing. Parol testimony is inadmissible to determine the character of the grant. *Brennaman* v. *Schell,* 212 Ill. 356.

Parol testimony cannot be resorted to for the purpose of establishing an advancement. *Young* v. *Young,* 204 Ill. 430; *Wilkerson* v. *Thomas,* 128 id. 363.

The intention to make a gift or grant as an advancement must have been in the mind of the donor at the time of making it. It must be evidenced by writing, and if it is a gift or grant in full of the donee's interest, must have been accepted as such. *Long* v. *Long,* 118 Ill. 638; *Bartmess* v. *Fuller,* 170 id. 193; *Marshall* v. *Coleman,* 187 id. 556.

W. O. CANTRELL, and L. O. WHITNEL, for appellee:

Where there has been an advancement it debars sharing in the partition or division of an estate unless such advancement be returned. In the case here, the appellant

made no offer to return the land conveyed to her. *Simpson* v. *Simpson,* 114 Ill. 606.

The statute does not require that the advancement be both charged by the intestate and accepted by the child in writing. It is sufficient to satisfy the requirement of the statute that it was charged in writing by the person making the advancement. *Bartmess* v. *Fuller,* 170 Ill. 193.

The question whether or not a conveyance was made as an advancement is a question of fact, and the essential element to be determined is whether or not it was so intended by the grantor and whether or not such intention is evidenced in such way as satisfies the requirements of the statute. 15 Am. & Eng. Ency. of Law, (2d ed.) 1163; *Brennaman* v. *Schell,* 212 Ill. 365.

It may be shown that the conveyance was intended to be an advancement by such proof of acts and circumstances as clearly indicate that the intention was to make an advancement. *Johnson* v. *Johnson,* 138 Ill. 385.

No particular form of words is necessary to constitute an advancement under the statute requiring it to be evidenced by a writing, so long as an intent to make an advancement appears. 14 Cyc. 164.

A donee need not accept the gift as an advancement in order to charge him with an advancement. 14 Cyc. 165.

Mr. JUSTICE DUNN delivered the opinion of the court:

On March 12, 1889, Alfred S. Taylor and Olef Taylor, his wife, conveyed to appellant, Nancy P. Elliott, their daughter, twenty acres of land in Franklin county, Illinois, for an expressed consideration of $200. Alfred S. Taylor died intestate in February, 1900, seized in fee of the one hundred acres of land in controversy in this case, and leaving Olef Taylor, his widow, and William B. Taylor, John B. Taylor, Nancy P. Elliott, Frances Branson and Alice Klamp his children and only heirs-at-law. Among

the deeds of the deceased was found the following paper, dated October 12, 1892:

"*To whom it may concern*—I hereby certify that I, A. S. Taylor, have made my daughter Nancy P. Elliott a warranty deed to the following described real estate, to-wit: The north half of the south-west quarter of the north-west quarter of section thirty-one (31), township seven (7), south, range one (1), east of the third P. M., in Franklin county, Illinois, and do hereby certify that the said land is the said Nancy P. Elliott's in full heirship of my real estate.

A. S. TAYLOR,

OLEF X TAYLOR."
her mark

In 1902 the widow and heirs, except appellant, conveyed the one hundred acres to William S. Foreman and he conveyed it to appellee. On August 29, 1907, appellant filed her bill against appellee for partition of the premises, claiming an undivided fifth thereof by descent from her father. The appellee answered, denying that appellant had any interest in the premises, averring that the conveyance of March 12, 1889, was made as an advancement to her and in lieu of all interest in her father's real estate, and relying upon the instrument above mentioned as written evidence of such advancement. Upon the hearing the bill was dismissed for want of equity, and complainant appeals.

Mrs. Elliott paid nothing for the land. Her father, about the time of the conveyance to her, conveyed forty acres, each, to another of his daughters and to one of his sons. This daughter testified that her father said in her presence, but not in the presence of her sister, that this land was all he intended Mrs. Elliott to have. No other statement or declaration, except the written instrument above set out, is testified to as made by him at any time, indicating that the deed to Mrs. Elliott was an advancement or in full of her interest in his estate or his real estate. There was no intention expressed in the deed that it should be an advancement. It was not charged against her, in writing, as an advancement or so acknowledged by her.

Section 7 of chapter 39 of the Revised Statutes provides that "no gift or grant shall be deemed to have been made in advancement unless so expressed in writing or charged in writing, by the intestate, as an advancement, or acknowledged in writing by the child or other descendant." Inasmuch as advancements, under this statute, can not be evidenced by parol declarations or statements, no material or essential part of the proof necessary to establish an advancement can be supplied by parol testimony. (*Young* v. *Young*, 204 Ill. 430.) Prior to this statute it was a question of intention whether a gift by a parent to a child was an advancement. The donor's oral declarations, made at the time of the gift, as to his intentions, were admissible as part of the *res gestæ* characterizing the act of giving. The presumption was that such gift was an advancement. (*Grattan* v. *Grattan*, 18 Ill. 167; *Comer* v. *Comer*, 119 id. 170.) It is still a question of intention, but the statute has prescribed the manner of proof of the intention. Not every gift from a parent to a child is to be regarded as an advancement. It must appear that it was so intended before the child's part will be charged with it. The mere fact that a parent has given property to one child and not to another, or more to one than another, is not sufficient to charge the favored child in the distribution of the parent's estate.

The question presented here is, can a gift by a parent to a child be shown to be an advancement by the written statement of the donor made years after the gift? Evidently a donor's declaration that he had several years before given property to a child would not be competent evidence of that fact but mere hearsay. It would be necessary to prove the gift, not by the declaration of the donor or of any other person, but by testimony given under the sanction of an oath and with an opportunity for cross-examination. It is as important to prove the intention of the donor as to prove the gift itself, and any subsequent

declaration, whether oral or written, that he had several years before intended the property given to his daughter to be an advancement would not be competent evidence of that fact. Hearsay is no more competent to prove intent than any other fact. The declarations of a grantor after he has made a conveyance of land are not admissible to affect the grantee or the title conveyed. (*Francis* v. *Wilkinson,* 147 Ill. 370; *Bentley* v. *O'Bryan,* 111 id. 53; *Shea* v. *Murphy,* 164 id. 614.) The intention which will characterize a gift as an advancement is the intention of the donor at the time of making the gift, expressed in the manner required by the statute. The gift in this case became complete at the time of the delivery of the deed. Parol evidence of the donor's intention at that time is immaterial, for the statute requires the evidence to be in writing. It is manifest that the conveyance could not then, or for more than three years afterward, have been regarded as an advancement. It was an absolute gift, for which Mrs. Elliott could not be called upon to account. It was not in the power of the donor later, except by a legally executed will, to change the effect of his acts and by charging her with her own property change his gift into an advancement. (*Sherwood* v. *Smith,* 23 Conn. 516; *Bradsher* v. *Cannady,* 76 N. C. 445; *Lawson's Appeal,* 23 Pa. St. 85.) She held the property without liability to account for its value in the settlement of the estate. The instrument signed by her father after the conveyance to her could not in any way derogate from his grant, or annex to it the condition, not before existing, that she should account for the value of the land in the settlement of his estate or that it should be in full of her share.

The decree will be reversed and the cause remanded to the circuit court, with directions to enter a decree in accordance with the prayer of the bill.

*Reversed and remanded, with directions.*