[S. F. No. 7258. Department Two.—December 16, 1915.]

In the Matter of the Estate of WILLIAM VANDERHURST, Deceased. MARY A. JACOBS and LILLIAN M. VANDERHURST, Appellants, v. WILLIAM M. VANDERHURST and GEORGE B. VANDERHURST, Respondents.

ESTATES OF DECEASED PERSONS—APPEAL FROM DECREE OF DISTRIBUTION—EXTENT OF REVIEW—ABOLITION OF MOTIONS FOR NEW TRIAL.—The amendment of section 1714 of the Code of Civil Procedure, abolishing motions for new trial in probate proceedings except in will contests, does not deprive the supreme court, on an appeal from a decree distributing the estate of a decedent, of the right to examine the record and to direct the lower court to do anything which may be proper in the exercise of its probate jurisdiction.

WILLS—ADVANCEMENTS—LIMITATIONS TO SPECIFIC KINDS OF PAYMENTS—ACCOUNTS AGAINST TESTATOR'S CHILDREN.—Where a will specifically limits the payments made by the testator to his children during his lifetime that are to be treated as advancements against their distributive shares to certain payments made to one of his sons "as shown by my books of account," and to payments made to his other children "as represented by their promissory notes, now in my possession," charges shown by his account-books against his other children, not evidenced by their promissory notes, are not to be treated as advancements to them. This result follows, notwithstanding a clause in the will declaring the testator's purpose in charging the advancements was that none of his children should receive more than an equal share of his estate.

ID.—PROMISSORY NOTES IN TESTATOR'S POSSESSION—SUFFICIENCY OF DESCRIPTION.—The description of the notes contained in the will as "notes now in my possession" is sufficiently definite to render the documents intended capable of identification.

ID.—MERE ACCOUNTS WITH CHILDREN NOT EVIDENCE OF ADVANCEMENTS. Accounts contained in books of account kept by the testator, which merely showed that he had given his daughters a monthly allowance and had credited them with a like amount, so that, according to the books, their accounts were virtually closed, are not admissible as evidence of advancements to the daughters under section 1397 of the Civil Code.

ID.—ADVANCEMENTS PRIOR TO WILL.—As a general rule, advancements made before the will was executed cannot be considered on distribution unless specified in the will, because it is presumed that the testator had in view all previous advancements when he made

his will and acted accordingly, so as to make the final division conform to his actual wishes.

ID.—INTERPRETATION OF WILL—REFERENCE TO PRIOR WILL.—A will must be interpreted by the language used therein, and cannot be varied or explained by reference to a prior revoked will.

ID.—CONTEST OF WILL—OPPOSITION TO DISTRIBUTION.—An opposition to a petition for distribution is not a contest of the will within the meaning of a provision therein curtailing the share of any legatee or devisee contesting the will.

APPEAL from a decree of the Superior Court of Monterey County distributing the estate of a deceased person. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Joseph J. Webb, and John K. Alexander, for Appellants.

Vincent Surr, and J. A. Bardin, for Respondents.

Alexander & Alexander, for Executors.

MELVIN, J.—Mary A. Jacobs and Lillian M. Vanderhurst, daughters of William Vanderhurst, deceased, appeal from a decree of distribution in the estate of said deceased person.

The principal matter involved in this appeal is the action of the probate court in charging the two appellants with certain advancements. Miss Vanderhurst was thus debited with a sum in excess of nine thousand dollars and Mrs. Jacobs with something over two thousand dollars.

Respondents make a preliminary objection to the consideration of the appeal. They say that appellants may only receive the aid which they seek by a new trial; that motions for new trial have been abolished in probate proceedings except in will contests (Code Civ. Proc., sec. 1714); and that on an appeal from a decree of distribution the court may not order a retrial of the issues but is limited to discovery of discrepancies (if any exist) between the findings and the decree and a modification of the decree to conform to the findings. The cited section as amended merely fixes the procedure in a case of this sort by doing away with the cumbersome process of a motion for a new trial. It does not deprive this court

of the right to examine the record and to direct the lower court to do anything which may be proper in the exercise of its probate jurisdiction. The amendment to section 1714, Code of Civil Procedure, merely conformed to the declarations of this court that usually in probate litigation motions for new trials and appeals therefrom needlessly raised difficult questions. (*Estate of Geary,* 146 Cal. 107, [79 Pac. 855]; *Estate of Franklin,* 133 Cal. 587, [65 Pac. 1081].)

William Vanderhurst originally had a family of seven children. When his will was made in 1912 two of his sons had died, leaving children. The will was an elaborate one. After providing for certain specific legacies and gifts, it bequeathed and devised to each living child one-seventh of the residue and provided for two trusts, each of one-seventh of the said residue, for the benefit of the children of the two deceased sons.

The tenth paragraph was the one about which the disagreement arose. It was as follows:

"Inasmuch as I have from time to time, made advances to my deceased son Robert Lee Vanderhurst, and to his three children, named herein, amounting to the full sum of $4,954.50, as is shown by my books of account, and to others of my children, which advances to them, is represented by their promissory notes now in my possession: It is my will, intention and desire that in the settlement and distribution of my estate, that the amounts so advanced by me as herein set forth, to my said children and grandchildren, shall be deducted from any money or other property that would come to them, or either of them, and that represented by the trust estate mentioned and described in the 'EIGHTH' and 'NINTH' sub-divisions of this my last Will, and that the surplus thus arising, be given and distributed to my children, and said Trustees for my grand-children, in the same shares and proportions as I have indicated in and by this my Will, to the end that none of my children or grand-children shall have or receive more than an equal share of my estate."

The court interpreted this provision as meaning that the books of account might be examined for all purposes, and that all charges made therein against the two daughters might be regarded as advancements to them. The books, despite the objections of counsel for appellants, were admitted in evidence not only to show the charges against Robert Lee Vanderhurst and his children and against those heirs who had

given promissory notes, but for all purposes. The accounts
showed that to each of the daughters William Vanderhurst
had given a monthly allowance, and had credited each with a
like amount so that according to the books their accounts were
virtually closed, the balances being merely nominal. The
court, however, permitted evidence which was drawn by re-
spondents from the appellants themselves that they had paid
no money to their father, and thereupon the court disregarded
the credits but charged the two daughters with all sums re-
ceived from their father. Commenting upon this ruling coun-
sel for respondents says in his brief: "Indeed, were the will
silent as to the father's full intent to treat his children with
exact justice, a stranger might blunder into the error of sup-
posing that the artificial credits shown in the ledger were
placed there to absolve these fair debtors from their obli-
gations."

We fail to see how any other conclusion could be reached,
after reading the will and examining the accounts, than that
the testator intended to do that very thing—"to absolve" his
daughters from all charges. But under the interpretation of
the tenth clause of the will which we feel bound to give, the
book of account was not admissible for the purpose of show-
ing advancements to the appellants. The language of the
will very aptly limits and specifies funds to be charged with
payments made in the testator's lifetime as advancements.
These are the trust estate created for the benefit of Robert
Lee Vanderhurst's children, and the shares of those who had
given notes to the testator. By no method of construction
which we are able to discover may the language be given any
other meaning. Advancements are to be charged against the
shares of Robert Lee Vanderhurst and his children in accord-
ance with the book accounts, and all notes are to be regarded
as evidences of advancements. Respondents contend that the
closing words of the paragraph compel a different interpreta-
tion. By the first part of the tenth paragraph the testator
had provided a method of determining the amounts to be sub-
tracted before division of the property, and the words, "to
the end that none of my children or grandchildren shall have
or receive more than an equal share of my estate," merely
declare his purpose in charging these advancements. The
mere fact that the court believed the method chosen might
not achieve the purposed end would not justify charges

against certain heirs which were not directed in the will. Such impositions may not be made by the court in an effort to achieve equal distribution. To permit such a course would be equivalent to allowing the court to make a will for the decedent. If the closing words of the tenth clause would justify the court in going to such lengths to achieve equal distribution, then might the specific legacies to the daughters with like reason be disregarded, because such legacies, in a sense, were opposed to an evenly divided bestowal of decedent's estate.

Respondents contend that the descriptions of the notes contained in the will are too vague to be of binding force, and in this behalf they cite certain cases. One of these is *Estate of Plumel,* 151 Cal. 82, [121 Am. St. Rep. 100, 90 Pac. 192], which correctly states the rule that reference in a will may be of such character as to exclude parol testimony, as where it is to papers not yet existent or where the reference is so vague as to be inapplicable to any particular instrument. But this court adopts the language of the court of appeals of New York in *Brown* v. *Clark,* 77 N. Y. 369, to the effect that any testamentary document may be incorporated into a will by reference, provided the language of the will clearly identifies the paper or renders it capable of identification. ·And the court in the Plumel matter was discussing not a mere evidence of debt, but a solemn instrument of testamentary nature which was held to be incorporated into another such writing by reference. The will specified ''notes now in my possession.'' Surely, such allusion to notes was capable of being made certain. It was quite as definite as the reference to ''books of account.'' We find no language in the will, therefore, which justifies the action of the court in charging the shares of Mrs. Jacobs and Miss Vanderhurst in their father's estate with debits shown on the books of account, or in striking out credits formally entered by Mr. William Vanderhurst in favor of his daughters. Advancements are not to be taken as ademptions of general legacies unless such intention is expressed by the testator in writing (Civ. Code, sec. 1351).

Section 1397 of the Civil Code is as follows: ''All gifts and grants are made as advancements, if expressed in the gift or grant to be so made, or if charged in writing by the decedent as an advancement, or acknowledged in writing as such, by

the child or other successor or heir.'' There were no promissory notes produced at the hearing in the probate court which the appellants, or either of them, had executed in favor of the testator. The will itself, as we have seen, did not charge them with any sums paid to them as advancements, and no writing was produced whereby they were chargeable under section 1397 of the Civil Code. Surely, there was nothing in the books of account which would justify their admission under section 1397 of the Civil Code, or by which the testator evinced any intent to charge the items against his daughters as advancements rather than gifts or loans. (*Estate of Hayne,* 165 Cal. 573, [Ann. Cas. 1915A, 926, 133 Pac. 277].) On the contrary, the credits indicated that Mr. Vanderhurst intended the payments as gifts, except perhaps the trifling balances against the daughters, and those may be regarded as loans rather than advancements.

Moreover, it is a general rule that advancements made before the will was executed cannot be considered in distributing the estate unless specified in the will, because it is presumed that the testator had in view all previous advancements when he made his will, and acted accordingly so as to make the final division conform to his actual wishes. (*Estate of Hayne,* 165 Cal. 573, [Ann. Cas. 1915A, 926, 133 Pac. 277] ; 1 Am. & Eng. Ency. of Law [2d ed., p. 760, sec. 2] ; *Bowron v. Kent,* 190 N. Y. 422, 432, 83 N. E. 472; *Needles v. Needles,* 7 Ohio St. 432, [70 Am. Dec. 85].)

The judgment must be reversed because of the errors in charging appellants with any sums as advancements. This conclusion makes it unnecessary for us to discuss all of the matters appearing in the briefs. Some of them, however, require attention.

The court erred in admitting in evidence a former will executed by Mr. Vanderhurst in 1906 and revoked by the later will. The will before us must be interpreted by the language used therein, and cannot be varied or explained by an instrument executed several years earlier. (*Estate of Tompkins,* 132 Cal. 175, [64 Pac. 268].)

There was a provision in the will that in case any legatee or devisee contested it, his or her share of the estate should be one dollar. Appellants argue that the respondents William M. and George B. Vanderhurst contested the will. The mere

statement of this contention refutes it.   They opposed the petition for distribution but they did not seek in any way to contest the will.   They merely sought interpretation of it.

No other alleged errors merit discussion.

It follows herefrom that the court erred in charging the appellants with these advancements.   Wherefore, and to this extent, the decree of distribution is reversed, with directions to the court in probate to modify its decree in accordance with this opinion and judgment.

Henshaw, J., and Lorigan, J., concurred.