## Robert H. Headen et al., Appellees, v. Mark C. Cohn, Appellant.

1. EQUITY, § 366*—*what not admitted by want of replication.* While it is true that upon a hearing on a bill and answer, when no replication is filed to the answer, the averments of facts in the answer are taken to be true, yet the want of a replication to the answer does not admit the legal conclusions of the pleader.

2. STATUTES, § 279*—*when foreign statutes must be pleaded and proven.* Judicial notice will not be taken of foreign statutes, but they must be pleaded, and, if not admitted, proven.

3. DESCENT AND DISTRIBUTION, § 9*—*what State law governs.* As the rule that distribution of personal property is to be made in accordance with the law of the domicile of the testator or intestate, as the case may be, prevails in this State and likewise in California, distribution of the Illinois personalty of the estate of a deceased wife, resident in California, was properly made in the proportion of half to the California husband and half to the Illinois brothers and sisters, notwithstanding the conclusion as to the California law of descent in the husband's answer which, admitting the California law in part as set out in the petition, stated that certain additional sections of such law set out by him permitted "the property to descend according to the Illinois law of descent, which provides the surviving husband takes all."

4. PARTITION, § 66*—*when court may retain jurisdiction on death of party after entry of order of distribution of personalty involved.* The trial court in a partition suit involving the distribution of personalty, in which one of the heirs died after the entry of the order of distribution, was well within its power in retaining jurisdiction without directing the funds to be distributed through the process of administration.

Appeal from the Circuit Court of Morgan county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919. Rehearing denied July 9, 1919.

DEAN HILL and BEACH & TRAPP, for appellant.

OWEN P. THOMPSON, P. P. THOMPSON, BELLATTI, BELLATTI & MORIARTY and W. N. HAIRGROVE, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

The matter in controversy on this appeal grows out of an order of distribution entered in a partition suit in the Circuit Court of Morgan county. This order of distribution provided that $7,309.08 be paid to each of eight distributees, who were all brothers and sisters. After the order was entered, but before the master in chancery could carry it out and pay the money to the distributees, one of them, Hannah N. Headen Cohn, died. At the time of her death she was a resident of the State of California. Upon her death Mark C. Cohn, her surviving husband, and appellant here, was appointed administrator of her estate in San Francisco county, California, and her sister, Margaret H. Kellam, and brother, Robert H. Headen, were appointed joint administrators of her estate in Morgan county, Illinois. Subsequently the surviving brothers and sisters of Mrs. Cohn presented their supplemental petition in the partition suit in which they advised the court of all the above facts and alleged that Mrs. Cohn died intestate leaving no child or children her surviving, but left surviving her husband, appellant, and her said brothers and sisters as her only heirs at law; that there remained in the hands of the master the sum of $7,309.18, being the amount of her distributive share, and that the statute of the State of California in reference to the descent and distribution of personal property of persons dying intestate is as follows:

"If the decedent leaves no issue, the estate goes one-half to the surviving husband or wife, and the other half to the decedent's father and mother in equal shares, and if either is dead the whole of said half goes to the other. If there is no father or mother, then one-half goes in equal shares to the brothers and sisters of decedent and to the children or grandchildren of any deceased brother or sister by right of representation."

The prayer of the supplemental petition is that the

court enter an order directing the master in chancery to pay one-half of said sum to the seven surviving brothers and sisters of the decedent, share and share alike, and the other half to appellant, or that he be directed to turn over all of said fund to the Illinois administrators. Appellant filed an answer to the supplemental petition in which he admits that the law of the State of California is as set out in the supplemental petition, but avers that said law does not apply to the personal property in this State because it is especially excepted by the statutes of California, wherein it is provided that said law of descent concerns only property in the State of California or property in a State having the same law of descent as the State of California, and that the law of descent of the State of Illinois is different from said law of descent of the State of California in that the surviving husband takes all of the personal property ·of the deceased wife dying without issue. With his answer, he filed a cross petition, in which he set up all the foregoing facts and prayed for an order of the court directing the master in chancery to turn over all of said money to him as such administrator. The cross petition was answered by the parties and a hearing was had by the court upon the supplemental petition and the answer of appellant thereto, and the cross petition and the answers of appellees thereto and the replication to said answers by appellant. The court rendered a decree finding the shares ·of the parties as fixed by the law of descent of California, one-half to appellant and one-half to appellees, share and share alike, subject to the debts of the estate; that the court has jurisdiction of the fund and of the parties and would order payment of such debts of the estate as were satisfactorily proven to said court, and, after the payment of said debts, would order a distribution.

As we understand appellant's contention, it is to the effect that, by virtue of the statute of the State of

California, because the laws of descent of the State of Illinois are different from those of the State of California, therefore the distribution of the personal estate of the decedent located in this State at the time of her death should be made in accordance with the laws of Illinois and not with that of California. It is conceded by appellant that no such statute of the State of California is set out in any of the pleadings or introduced in evidence, but it is insisted that his averments in regard thereto set out in his answer to the supplemental petition are conclusive upon this question for the reason that no replication was filed by appellees to his answer. We quote from the abstract the substance of these averments in appellant's said answer: "Admits the law of California in part as set out in the petition, but says additional sections in said law of descent permits the property to descend according to the Illinois law of descent, which provides the surviving husband takes all." These are not averments of fact, but are pure conclusions of law and are but a legal construction placed upon the law of descent of the State of California by appellant. While it is true that upon a hearing on a bill and answer when no replication is filed to the answer, the averments of facts in the answer are taken to be true *(Sheahan v. Madigan,* 275 Ill. 380; *Roach v. Glos,* 181 Ill. 445), yet the want of a replication to the answer does not admit the legal conclusions of the pleader. Courts will not take notice of foreign statutes, but they must be pleaded, and, if not admitted, proven. *Hyman v. Bayne,* 83 Ill. 256; *Shannon v. Wolf,* 173 Ill. 253. It is the universal rule in this State that distribution of personal property is to be made in accordance with the law of the domicile, of the testator or intestate, as the case may be. *Dickinson v. Belden,* 268 Ill. 105; *Russell v. Madden,* 95 Ill. 485; *Young v. Wittenmyre,* 123 Ill. 303. And the same rule prevails in California.

*Estate of Apple,* 66 Cal. 432; *Whitney v. Dodge,* 105 Cal. 192; *In re Lathrop's Estate,* 165 Cal. 243. The court was also well within its power in retaining jurisdiction of the fund and adjusting the rights of the parties without directing the funds to be distributed through the process of administration. *Moore v. Brandenburg,* 248 Ill. 232; *Lewis v. Lyons,* 13 Ill. 117; *People v. Abbott,* 105 Ill. 588; *Grattan v. Grattan,* 18 Ill. 167.

The decree of the Circuit Court is affirmed.

*Affirmed.*