**Henry P. Bordner, Administrator of the Estate of George W. Bordner, Deceased, et al., Appellants, v. Emma Bordner et al., Appellees.**

### Gen. No. 7,783.

ADVANCEMENTS—*necessity of writing.* Under the provision of section 7 of the statute of descents, Cahill's Ill. St. ch. 39, ¶ 7, providing that "no gift or grant shall be deemed to have been made in advancement unless so expressed in writing or charged in writing, by the intestate," or so "acknowledged in writing by the child or other descendant," a conveyance of a farm by intestate to two daughters will not be considered as an advancement to them to offset advancements of money to his sons where no such purpose was expressed in the deed or other writing, even though intestate stated to the scrivener who wrote the deed that he was making it to "even up what he had done for the boys."

Appeal by plaintiffs from the Circuit Court of Fulton county; the Hon. WALTER C. FRANK, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed December 31, 1924.

HARVEY H. ATHERTON and GLENN RATCLIFF, for appellants.

REED F. CUTLER and LYLE THOMAS, for appellees.

MR. JUSTICE CROW delivered the opinion of the court.

George W. Bordner died intestate March 28, 1919, leaving Emma Bordner, his widow, Irma E. Campbell and Velma Fouts, his daughters, and William W. Bordner, Jesse Flanders, Mary Graham, Paul Bordner, Gertrude Skinner and Lola Wiedner, his grandchildren, being children of Francis M. Bordner, deceased, as his only heirs. Henry P. Bordner and Francis M. Bordner were children of a first marriage. Irma E. Campbell and Velma Fouts are children born of a second marriage, their mother being one of the appellees. On the death of George W. Bordner, Henry P. Bordner was appointed administrator of his estate.

The decedent at and some time previous to his death resided at Lewistown where he owned residence property. He also owned farm lands near Lewistown. In 1901 he advanced to his sons Henry and Francis each $5,000, taking their receipt therefor, evidencing the advancements. Later he advanced to each the sum of $1,000, taking therefor from them similar receipts. The first advancement was made in 1901 and the last in 1907. December 18, 1918, about three months before his death, he and his wife executed and delivered to his daughters, Irma E. Campbell and Velma Bordner (now Fouts) a deed of conveyance for 160 acres of land on consideration of one dollar and love and affection. The grantor reserved a life estate in all the land and limited the title of the grantees to a life estate with remainder to their children.

In April, 1921, Henry P. Bordner, as administrator of his father's estate, filed his report in the county court of Fulton county. In the report he charged himself and the heirs of his brother Francis with the $6,000 advanced to them by their father. He charged Irma E. Campbell and Velma Fouts each with $6,000 on account of the conveyance made to them by their

father, his contention being the conveyance was made as an "offset for the money advanced to the sons." In computing the amount for distribution to each of the heirs, he deducted the sum of $6,000 from each of the four children's shares. This was on the theory of an advancement to the sons and an "offset" to the daughters.

The foregoing statement of facts is taken substantially from the brief of appellants' counsel. Objections to the report on charges and credits were presented in the county court where they were sustained. The administrator appealed to the circuit court, where they were again sustained and from the order of the circuit court this appeal is prosecuted. Eight assignments of error are appended to the record, but they present only one question for determination, namely, was the conveyance to the daughters as a matter of law an advancement, justifying the administrator in charging them with $6,000 each in his final report as such administrator?

Nothing is now left to presumption or inference from transactions as to whether a given conveyance or other disposition of property is an advancement. Legislature has fixed the method of ascertaining the fact and that method is exclusive of all others. In the "Act in regard to the descent of property," section 7, it is provided: "No gift or grant shall be deemed to have been made in advancement unless so expressed in writing or charged in writing, by the intestate, as an advancement, or acknowledged in writing by the child or other descendant." [Cahill's Ill. St. ch. 39, ¶ 7.] This statute is too plain to admit of discussion. It is rooted in sound purpose—the same purpose that supports the several sections of the statute of frauds and perjuries. It is not claimed by appellants there was a writing of any sort acknowledging that this conveyance was made as an advancement. The grantees knew nothing of the conveyance

until made and delivered.   One of them was at school in Peoria and on her return, a few days before Christmas, her father told her that he and her mother had given her and her sister the farm.   Her reply was, "that is a nice Christmas present."   A consideration of the entire record leads to the belief the idea of advancement is a late afterthought.   But it certainly has no support in anything found in the record.   If it were a fact, as stated in the brief for appellants, that the grantor stated to the scrivener who wrote the deed he was making it for the purpose of "set-off" to "even up what he had done for the boys," the case for the administrator would be no better.   The same importance and no more must be attached to the alleged statement of Irma E. Campbell under oath in another suit to the same effect.   But without needlessly prolonging a discussion of the evidence it is sufficient to say that interpretation of her evidence by counsel for appellants is not supported by the record. The interpretation of the above section of the statute of descents by the Supreme Court in *Elliott v. Western Coal & Mining Co.*, 243 Ill. 614, is conclusive in this case.   The order of the circuit court sustaining objections to the report of the administrator is affirmed.

*Affirmed.*