[Civ. No. 17056.   Second Dist., Div. Three.   Nov. 2, 1949.]

Estate of ANN SEDDON RAWNSLEY, Deceased.   ANN SEDDON DEMPSTER, Respondent, v. JAMES RAWNSLEY et al., Appellants.

A. Moresby White for Appellants.

L. L. James and Carl E. Day for Respondent.

VALLÉE, J.—Appeal by James Rawnsley from a decree determining the persons to whom distribution of an estate shall be made.

Ann Seddon Rawnsley died testate. She left surviving, as her only heirs, James Rawnsley, her husband, and Ann Seddon Dempster and Ena Solly, daughters. In her will she bequeathed and devised her entire estate to James Rawnsley for life, remainder to Ena Solly. She omitted to provide in the will for her daughter, Ann Seddon Dempster, and it does not appear from the will that such omission was intentional. Ann Seddon Dempster petitioned the probate court to determine to whom distribution of the estate should be made, alleging that she was a pretermitted heir and entitled to distribution of one-third of the estate. James Rawnsley and Ena Solly filed an opposition to the granting of the petition, admitting that Ann Seddon Dempster was an heir and alleging that on various occasions at or about the time of the execution of the will decedent stated in the presence of witnesses that she had made various advancements to Ann Seddon Dempster in substantial amounts from time to time and that she had adequately provided for her.

On the hearing of the petition, appellant stated that the only issue before the court was whether Ann Seddon Dempster should be charged with certain advances. He offered to prove by parol evidence that decedent had made advancements to Ann Seddon Dempster. The court held such evidence inadmissible and sustained objections thereto. No other proof was offered or received. The decree adjudged that Ann Seddon Dempster "is entitled to receive and have distributed to her, and there is vested in her," one-third of the estate free of any life or other interest of James Rawnsley therein; and that James Rawnsley is entitled to a life interest in the remaining two-thirds, and Ena Solly is entitled to the remainder of said two-thirds interest on the death of James Rawnsley.

Appellant claims that the court erred in rejecting the offered evidence. He concedes that Ann Seddon Dempster is a pretermitted heir and that she is entitled to share in the estate. (Prob. Code, §§ 90, 221.) He claims that all advancements must be deducted from her statutory share, which is one-third.

An advancement is, strictly, an irrevocable gift *in praesenti* of property to an heir by an ancestor to enable the donee to anticipate his inheritance to the extent of the gift. (26 C.J.S. § 91, p. 1161.) In some jurisdictions an advancement is limited to an irrevocable gift to a child by a parent. (*Ibid.*) In this state it does not appear to be so limited. (Prob. Code, §§ 1051, 1053, 1054.)

Probate Code section 1050 reads: "A gift before death shall be considered as an ademption of a bequest or devise of the property given; but such gift shall not be taken as an advancement to an heir or as an ademption of a general legacy unless such intention is expressed by the testator in the grant or otherwise in writing, or unless the donee acknowledges it in writing to be such." Section 1050 is substantially the same as former Civil Code sections 1351 and 1397 and must be construed as a continuation thereof, and not as a new enactment. (Prob. Code, § 2.) Section 1050 means a gift before death shall not be taken as an advancement to an heir unless the ancestor in writing has expressed his intention that it is to be so taken or unless the donee acknowledges it in writing to be such. The statute removes some of the indefiniteness and uncertainty prevailing in many jurisdictions as to whether or not an advancement is intended in a particular transaction. (See 11 No.Car.L.Rev. 266, 297, 298.) It is settled that no special form of writing, not even the signature of the decedent,

is required to constitute an advancement as prescribed by the statute so long as the writing was done by the decedent and shows the intent to charge the property given as an advancement rather than as a gift or loan. But there must be a writing. (*Estate of Hayne,* 165 Cal. 568, 573 [133 P. 277, Ann. Cas. 1915A 926]; *Estate of Vanderhurst,* 171 Cal. 553, 558 [154 P. 5]; *cf. Guardianship of Hudelson,* 18 Cal.2d 401, 407 [115 P.2d 805]; 26 C.J.S. § 100b, p. 1172; 84 A.L.R. 164; 1 Cal.L.Rev. 532; Vernier, American Family Laws IV, p. 115.)

■ Under a statute requiring a writing by the donor or written acknowledgment by the donee for an advancement, a transfer not in writing, which would otherwise be an advancement, is, in legal effect, not such. (26 C.J.S. § 100b, p. 1172.) There can be no advancement unless the statutory conditions exist. In their absence no charge may be made against the heir's statutory share of the estate. It is only where there is a writing that the heir is required to bring a gift into hotchpot.

■ Where the statute prescribes the mode and manner and by what evidence an advancement must be established, it is self-evident that the manner so prescribed must be pursued. Such evidence, and no other, can be introduced. (3 Woerner, Am.Law.Adm. (3d ed. 1895) §§ 558, 559; *Elliott v. Western Coal & Mining Co.,* 243 Ill. 614 [90 N.E. 1104, 1105, 134 Am.St.Rep. 398, 17 Ann.Cas. 884].) The statute does not expressly declare that parol evidence is excluded; but that undoubtedly is its meaning. It has been consistently so held in other jurisdictions under statutes almost identical with ours. (*Elliott v. Western Coal & Mining Co.,* 243 Ill. 614 [90 N.E. 1104, 1105, 134 Am.St.Rep. 398, 17 Ann.Cas. 884]; *Porter v. Porter,* 51 Me. 376, 380; *Bulkeley v. Noble,* 2 Pick. (Mass.) 337, 340; *Cummings v. Bramhall,* 120 Mass. 552, 559; *Olney v. Brown,* 163 Mich. 125 [128 N.W. 241, 243]; *Stark v. Stark,* 128 Neb. 524 [259 N.W. 523, 524]; *Arthur v. Arthur,* 143 Wis. 126 [126 N.W. 550, 553].) We hold that the effect of Probate Code, section 1050, is to exclude parol evidence to show an advancement.

■ Contrary to appellant's contention, section 1050 applies to a case of partial intestacy. (*Estate of Hayne,* 165 Cal. 568, 573 [133 P. 277, Ann.Cas. 1915A 926].) ■ The use of the word "heir" in the section does not restrict its application to advancements of real property as appellant suggests. In this state, the "heir" of a person is the one the law appoints to succeed to his estate,—including both real

and personal property—in case he dies without disposing of it by will. (*Estate of McCrum,* 97 Cal.App. 576, 579 [275 P. 971].)

We conclude that the evidence offered by appellant was incompetent for the purpose of proving an advancement and that the probate court correctly sustained objections thereto.

Affirmed. Respondent to recover her costs on appeal.

Shinn, P. J., and Wood, J., concurred.