[S. F. No. 8155.    Department Two.—December 18, 1917.]

## In the Matter of the Estate of JUANA B. MARSHALL, Deceased.

ESTATES OF DECEASED PERSONS — WILL — DEVISE OF ESTATE TO ONE'S "OWN FAMILY"—DETERMINATION OF KINSHIP—APPEAL—PARTIES NOT AGGRIEVED.—Where a testatrix left all her residuary estate to her "own family," parties who appeal from a decree establishing the kinship of the respondent, without attempting to disclose evidence of their own kinship, show no interest in themselves nor that they are aggrieved by the decree, and their appeal is, therefore, not entitled to consideration.

ID.—EVIDENCE OF KINSHIP.—Where a testatrix, who had been an Indian girl, who came to California in extreme youth, designated as devisees of her estate "my own family who I think are all in Mexico," and where, because of disturbed conditions existing in Mexico, it was difficult to procure depositions, the court was justified in accepting testimony of numerous witnesses that the respondent had twice been an inmate of the home of the testatrix, once during the life of her husband, and once after his death, and that on both occasions she had publicly introduced him as her nephew.

ID.—DEVISE TO ONE'S "OWN" FAMILY.—Reading together section 1334 and subdivision 8 of section 1386 of the Civil Code, the word "own" in a devise by a testatrix to her "own family" qualifies the use of the word "family," so as to indicate that the testatrix meant heirs of her own blood.

APPEAL from a judgment of the Superior Court of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Frank J. Hennessy, J. J. Lerman, W. F. Postel, and Frank W. Sawyer, for Appellants.

A. E. Bolton, Chas. S. Perry, H. L. Bradford, and Samuel M. Shortridge, for Respondent.

HENSHAW, J.—Juana B. Marshall died testate. By her will she declared that "all that is left of my estate, after my just debts are paid, I leave to my own family who I think are all in Mexico." Contest arose over the determination of the right of heirship and succession to her estate. The court found and decreed that Jose Maria Beltran was her nephew and was the only one who had proved heirship. Separate appeals are taken by Maria Refugio Chavez and Maria Martiniana Ochoa, by Josephine L. Flores, and by the heirs of Joseph S. Marshall, deceased, formerly the husband of Juana B. Marshall, the testatrix. The appeal of Maria Chavez and Maria Ochoa contents itself with attacking the sufficiency of the evidence establishing the kinship of the respondent, without attempting to disclose evidence establishing the kinship of the appellants. Under such circumstances they neither stand as parties in interest nor as parties aggrieved by the decree, and for these reasons their appeal is not entitled to further consideration.

The appeal of Josephine L. Flores is based upon her own statement to the effect that she was a grandniece of the deceased, upon the testimony of Mrs. Stefan Ibera that she had heard the deceased speak of the contestant as her grandniece, and also the testimony of Mrs. Josephine Ybarra to the same effect, though the nature of the relationship was confused in the witness' mind, since in referring to this contestant the witness declares that the contestant's mother had been de-

clared by the deceased to be her first cousin "and aunt and niece both."

The difficulty in securing more satisfactory evidence upon the question of heirship arose from two facts; first, that the deceased, Juana B. Marshall, had been an Indian girl, who had come to California from Mexico in her extreme youth; the second, that because of the disturbed conditions existing in Mexico, it was difficult to procure depositions.

On behalf of respondent it was shown by numerous witnesses that he had twice been an inmate of Mrs. Marshall's home, once during the lifetime of her husband and once after his death; that upon both occasions she had publicly introduced him as her nephew. The court accepted this evidence, to the rejection of the asserted claims of the appellants, and it was justified in so doing.

The last appeal, as has been said, is by the heirs of the husband of the testatrix. They base their right to inherit upon the language of the will above quoted, taken in connection with sections 1334 and 1386 of the Civil Code. By the first of these sections "a testamentary disposition to . . . 'family' . . . without other words of qualification . . . vests the property in those who would be entitled to succeed to the property of such person, according to the provisions of the title on succession, in this code." By section 1386 (subdivision 8) where, as here, the property was community property, acquired by the wife from her husband, then one-half of such common property so acquired upon the intestacy of the surviving spouse goes to the heirs of the other deceased spouse. The question then is whether the word "family" as employed in this will is so employed "without other words of qualification." Clearly we think it is not. She leaves her estate to her *own* family, and even if these words were not sufficient, as we think they be, to qualify the use of the word "family" so as to indicate that the testatrix meant heirs of her own blood, it is further qualified by the fact that she points out that the family she means are in her belief residents of Mexico, as the Marshall heirs were not.

The decree appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.