[Sac. No. 2813. In Bank.—September 24, 1918.]

In the Matter of the Estate of LYDIA M. WATTS, Deceased. ELLA GRAY et al., Respondents, v. A. V. WATTS et al., Appellants; HERBERT W. WHITTEN, as Executor, etc., Defendant.

ESTATES OF DECEASED PERSONS—DEVISE TO "HEIRS"— CONSTRUCTION OF WILL.—Where a testatrix by the first paragraph of her will directs the payment of funeral expenses and debts, and by the next paragraph gives, devises, and bequeaths all the rest, residue, and remainder of her estate to her "heirs and to be distributed to them

according to law," she thereby adopts, for the purposes of her testamentary disposition, the statute of succession, and where her estate had been the community property of herself and her predeceased husband, who had died intestate, his heirs are entitled to one-half of such estate by virtue of the provisions of subdivision 8 of section 1386 of the Civil Code.

ID.—MEANING OF WORD "HEIRS."—The word "heirs" is a technical term, and is used to designate the persons who would by the statute succeed to the estate of any kind in case of intestacy.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Reversed.

The facts are stated in the opinion of the court.

Lon Bond, Deirup & Deirup, and Samuel J. Nunn, for Appellants.

W. H. Carlin, and D. Hadsell, for Respondents.

SLOSS, J.—Appeal from a decree of partial distribution.

Lydia M. Watts, the decedent, was a widow. She left a large estate, all of which had been community property of herself and her predeceased husband, Nelson Watts. Nelson Watts had died intestate. The decedent, Lydia M. Watts, left a will. Its first paragraph directs the payment of funeral expenses and debts. The next reads as follows:

"Secondly, I hereby give, devise and bequeath all the rest, residue and remainder of my estate wheresoever situate to my heirs and to be distributed to them according to law."

The third and last paragraph appoints an executor, and directs that no bond be required of him.

There was no issue, and no surviving father or mother of either Nelson or Lydia Watts. Lydia M. Watts left brothers and sisters and children of deceased brothers and sisters. The members of this class are the respondents herein. The appellants bear a similar relationship to Nelson Watts. The court below granted distribution to the blood relatives of Lydia M. Watts alone, refusing to recognize the claims of the relatives of Nelson Watts.

If Lydia M. Watts had died intestate, one-half of her estate would have passed to the appellants, and the other half to the respondents. (Civ. Code, sec. 1386, subd. 8.) The appellants claim that the second paragraph of the will gives

them the share they would have taken in case of intestacy. This contention, we think, must be sustained. The will gives the residue, virtually the entire estate, "to my heirs and to be distributed to them according to law." Under section 1327 of the Civil Code, "Technical words in a will are to be taken in their technical sense, unless the context clearly indicates a contrary intention. . . ." It is further provided by section 1334 of the same code that "a testamentary disposition to 'heirs,' 'relations,' 'nearest relations,' 'representatives,' 'legal representatives,' or 'personal representatives,' or 'family,' 'issue,' 'descendants,' 'nearest' or 'next of kin' of any person, without other words of qualification, and when the terms are used as words of donation, and not of limitation, vests the property in those who would be entitled to succeed to the property of such person, according to the provisions of the title on succession, in this code." Both sections are directly applicable here. The word "heirs" is a technical term, and is used to designate "the persons who would by the statute succeed to the real estate [or, in California, estate of any kind] in case of intestacy." (*Clarke* v. *Cordis*, 4 Allen (Mass.), 466, 480.) "The 'heirs' of a person," said this court in *Hochstein* v. *Berghauser*, 123 Cal. 681, 687, [56 Pac. 547, 549], "are those whom the law appoints to succeed to his estate in case he dies without disposing of it by will." This is the ordinary meaning of the word, used in an instrument of any kind. Where a will makes a gift to the "heirs" of a person, section 1334 adds the sanction of statutory definition to the interpretation.

When, then, Mrs. Watts, by the second paragraph of her will, gave the residue to her heirs, she adopted, for the purposes of her testamentary disposition, the statute of succession. In designating her "heirs" as the objects of her bounty, she used a word which, by its legal definition, embraced those persons who would, under the terms of section 1386 of the Civil Code, have taken in the absence of a will. There is no inherent or natural right of inheritance independent of our statute of succession. Section 1386, which embraces all of that statute material here, affords the only means of ascertaining who are the "heirs" of the decedent. The respondents must rely upon it equally with the appellants, for it constitutes the sole basis for their own status as heirs. It is true that, if the property of the decedent had not been de-

rived from her husband, it would, by virtue of subdivisions other than 8, have passed to her blood relatives alone. But under the actual facts of this case, subdivision 8 is the governing provision, and under it the appellants would, in case of intestacy, have succeeded to one-half of the estate. That subdivision is as much a part of the law of succession as any other, and those who inherit under it take as heirs of the decedent widow or widower, not as heirs of the predeceased spouse. (See subd. 9 of sec. 1386.)

Any suggestion that Mrs. Watts would probably have wished her estate to go to those of her own blood is based on mere conjecture. In any view, it can have no force here. We must determine her intent from the language of her will, and where that language is clear and unambiguous, it "must be interpreted according to its ordinary meaning and legal import, and the intention of the testator ascertained thereby." (*Estate of Blake,* 157 Cal. 448, 459, [108 Pac. 287, 291].)

An analogous situation was considered by us in the recent case of *Estate of Marshall,* 176 Cal. 784, [169 Pac. 672]. There the will of the testatrix gave the residue of her estate "to my own family who I think are all in Mexico." The court held that the use of the word "own," coupled with the concluding clause referring to residence in Mexico, indicated that the testatrix intended to limit her gift to her blood relatives. The entire argument proceeded, however, on the assumption that, in the absence of these "words of qualification," the term "family" (which, under Civil Code, section 1334, is equivalent to "heirs"), would have covered the persons designated by subdivision 8 of section 1386. In the will of Mrs. Watts there are no qualifying terms to limit or explain the ordinary meaning of the word "heirs." The testatrix says simply that she gives the residue to her heirs. The further provision that it is "to be distributed to them according to law" only serves to strengthen the conclusion that she was directing that the property should go just as it would have gone under the statute of descent in the absence of any testamentary disposition.

The decree appealed from is reversed.

Shaw, J., Wilbur, J., Melvin, J., Richards, J., *pro tem.,* Lorigan, J., and Angellotti, C. J., concurred.