[Civ. No. 2628.   First Appellate District, Division One.—February 11, 1919.]

## ANNIE VEIRS, Respondent, v. FRANK ROBERTS et al., Appellants.

DEED OF GIFT—QUIETING TITLE OF GRANTEE—COMPETENCY OF GRANTOR—FREEDOM FROM UNDUE INFLUENCE.—In this action to quiet the title of a daughter to property conveyed to her mother by deed of gift the findings of the trial court of the competency of the grantor and her freedom from undue influence are held to be abundantly sustained by evidence.

HUSBAND AND WIFE—COMMUNITY PROPERTY.—Subdivision 8 of section 1386 of the Civil Code has no reference to the situation presented where community property was devised by a husband to his widow, who invested the proceeds in other property which she thereafter transferred by deed of gift to her daughter.

APPEAL from a judgment of the Superior Court of Sonoma County.   Thos. C. Denny, Judge.   Affirmed.

The facts are stated in the opinion of the court.

J. A. Barham and R. A. Long  for Appellants.

W. F. Cowan  for Respondent.

KERRIGAN, J.—This is an action to quiet title brought by plaintiff against her brothers and sisters and the administrator of her mother's estate.

The questions involved in the appeal turn on the validity of a deed made by the plaintiff's mother to her of the property described in the complaint.

On March 2, 1881, William R. Roberts, Sr., died, leaving his belongings, which were all community property, to Mary

J. Roberts, his widow, and to his children. Out of the proceeds of her share of the estate, as distributed, Mary J. Roberts in the year 1888 purchased the property now in controversy for three thousand five hundred dollars. In the year 1907 she made and delivered to her daughter, the plaintiff, a deed of gift of said property, and included in the gift the furniture and personal effects in the home. From the time of the purchase of said property by Mary J. Roberts until the time of her death she and the plaintiff lived upon it. At the time Mrs. Roberts delivered to the plaintiff the deed above referred to, she said to her, according to the plaintiff's testimony, "Here is the deed to the place. Put it away and keep it until I tell you to have it recorded." The deed accordingly remained unrecorded until April, 1915, eight months before the death of Mrs. Roberts, at which time, upon the suggestion of her mother, the plaintiff placed it on record. The former's expressed desire to delay the recordation of the document was due, according to testimony given by the plaintiff, to her mother's wish to avoid discussion among the members of the family and consequent annoyance to herself. No question is raised as to the delivery of the deed. The defendants rely on the claim that the evidence shows that Mary J. Roberts was incompetent at the time the deed was executed and that the deed was the result of undue influence exercised by the plaintiff over her mother, and they also contend that under the provisions of section 1386 of the Civil Code Mrs. Roberts had no legal right to make a transfer of the property.

As to the questions of incompetency and undue influence, an examination of the record discloses that there is an abundance of evidence to sustain the findings of the court in favor of the plaintiff. Several intimate friends and acquaintances of the deceased testified that Mrs. Roberts up to about the time of her death was of sound mind, "a strong-minded woman," a "particularly bright woman," "a positive woman," and that they had never observed in her any indication of weakness of mind, or any indication that the plaintiff or anyone else exercised an undue influence over her. A typical witness upon this subject was C. C. Belden, who testified: "I knew Mrs. Roberts fifteen or twenty years. I have had business transactions with her in purchasing land. I was very friendly with her and had many conver-

sations with her about business and other matters. She was a particularly bright woman, I would say, and her mind I would consider sound. I never saw anything that indicated any weakness of mind or that she was under the control or dominion of Annie Veirs. She told me that was her intention, that she was going to deed the property to Annie Veirs. She told me that Annie had spent much of her time in taking care of her, and she thought the least she could do for Annie was to deed her the home place." Mary C. Burnett, another witness, testified: "I knew Mrs. Roberts intimately for about forty years and visited her very frequently. She told me in 1907 that she had deeded the property to Annie. She said Annie was delicate, that she wanted to look out for her; that she was the most delicate child she had. Annie always lived at home with her. Mrs. Roberts appeared to be of very sound mind. Her death was caused by cancer, which she had removed from her face. She was very positive in her opinions, and I never saw anything indicating that she was under the control of any person." Other evidence was to similar effect and fully justified the finding of the court on the questions of competency and undue influence.

The remaining contention of the appellants is that the property in question, being proceeds of community property of Mrs. Roberts and her predeceased spouse, must be regarded as held by her in trust for their children, and that the attempted conveyance of it to one of them to the exclusion of the others was a violation of the rights of the latter. This contention is based upon subdivision 8 of section 1386 of the Civil Code. That section provides, in part, as follows:

"When any person having title to any estate . . . dies without disposing thereof by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this code . . . in the following manner . . . (8) If the deceased is a widow, or widower, *and leaves no issue,* and the estate, or any portion of it, was common property of such decedent and his or her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse . . . "

The most cursory reading of the above quotation from section 1386 makes it apparent that it has no reference to the situation presented in this case, for two reasons: First, the

property concerned in this litigation formed no part of the estate of Mrs. Roberts at the time of her death; and, second, the subdivision quoted in part provides a rule of succession to a certain character of property when the owner thereof shall die intestate and leaving no issue. It fully recognizes the right of the owner to dispose of such property either by gift *inter vivos* or by last will and testament, which right was exercised in this case.

It follows from what we have said that the judgment should be affirmed, and it is so ordered.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 13, 1919.