[Civ. No. 2960. First Appellate District, Division One.—August 14, 1919.]

In the Matter of the Estate of THOMAS E. MARSHALL, Deceased. JOHN S. CHAMBERS, as Controller, etc., Appellant, v. MARJORIE O'NEILL, as Administratrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS—RIGHT OF HEIRSHIP—STATUTE OF SUCCESSION.—The right of heirship in an intestate's estate is founded upon the statute of succession, and that statute measures the rights and obligations of a given person as an heir.

[2] ID.—DEATH OF WIDOWER INTESTATE—STEPCHILD AS HEIR.—Where a widower dies intestate, leaving no issue, and the estate consists of community property of. his predeceased spouse and himself, or of separate property which he had inherited from such predeceased spouse, but such predeceased spouse left an only child, such estate will, under the provisions of subdivision 8 of section 1386 of the Civil Code, go to such child.

[3] ID.—SOURCE OF TITLE OF STEPCHILD.—In such case, notwithstanding the deceased never adopted the child of his predeceased spouse and never stood in the mutually acknowledged relation of a parent to such child, the latter's title to the property is derived from the estate of the deceased stepfather and not from the estate of the predeceased mother.

[4] ID.—DEATH OF WIFE — EFFECT ON COMMUNITY PROPERTY.—Under section 1401 of the Civil Code, upon the death of the wife, the husband becomes the absolute owner of the community property without administration. It never becomes any part of her estate.

[5] ID.—IDENTITY OF STEPCHILD AS HEIR—MATERIAL FACTORS.—While the source of such deceased husband's title to the property is immaterial so far as the extent of his estate in the property is concerned, the source of the title of such deceased and the relationship of the child to the predeceased wife are material in establishing the identity of such child as an heir under subdivision 8 of section 1386 of the Civil Code.

[6] ID.—LIABILITY FOR INHERITANCE TAX—AMOUNT OF EXEMPTION.— In such case, while the stepchild, under subdivision 8 of section 1386 of the Civil Code, takes as an heir, she takes as a stranger to the stepfather, and as such is entitled to an exemption of five hundred dollars only, and must pay a tax of five per cent on the balance of her inheritance.

APPEAL from an order of the Superior Court of Fresno County determining the amount of inheritance tax. Geo. E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

Robert A. Waring, James L. Atteridge and Adrian C. Stanton for Appellant.

Haven & Athearn for Respondent.

BARDIN, J., pro tem.—This is an appeal from an order determining the amount of inheritance tax due the state of California from Marjorie O'Neill, the respondent herein, and sole heir of the estate.

There is no controversy about the facts of the case, and, so far as they are pertinent to this appeal, may be briefly stated as follows: Thomas E. Marshall died intestate, leaving as his entire estate, property which had either been the community property of himself and his predeceased spouse, Delia Marshall, or property which had formerly been the separate property of such predeceased spouse and which he had inherited upon her demise. Marshall and his spouse left no issue of their bodies, but Delia Marshall left an only child, named Marjorie O'Neill. This child was never adopted by Thomas E. Marshall, nor did he ever stand in the mutually acknowledged relation of a parent to such child, and she is not a grandchild of Thomas E. Marshall, and is a stranger in blood to him.

The sole question involved in this appeal is this: Is Marjorie O'Neill entitled to the exemption of ten thousand dollars provided for by subdivision 2 of section 6 of the Inheritance Tax Act, chapter 589 of the Statutes of 1917, [Stats. 1917, p. 880], and to the one per cent rate on the balance of her inheritance as provided by subdivision 1 of section 4 of said act; or, is she entitled to an exemption of five hundred dollars only, as provided in subdivision 5 of section 6 of the same act, and required to pay a tax of five per cent on the balance of her inheritance as provided in subdivision 4 of section 4 thereof? In other words, is the amount of the inheritance tax to be paid by Marjorie O'Neill to be determined upon the theory that she takes from Delia Marshall, or from Thomas E. Marshall, and as a stranger to his blood?

[1] It is fundamental that under our law the right of heirship in an intestate's estate is founded upon the statute of succession, and it is to that statute that we must look in order to measure the rights and obligations of Marjorie O'Neill as an heir of the estate of Thomas E. Marshall. [2] It is clear from the facts that, under the provisions of subdivision 8 of section 1386 of the Civil Code, considered in connection with the introductory portion of the section, Marjorie O'Neill succeeded to, and there must be distributed to her, the title to any estate vested in Thomas E. Marshall at the time of his death, he having died intestate, so far as such estate consisted of community property of his predeceased spouse and himself, or of separate property

which he had inherited from such predeceased spouse. [3] Respondent's title to such property would, of necessity, be derived from the estate of Thomas E. Marshall, for under section 1401 of the Civil Code, as it existed prior to the amendment of 1919, it was provided that "upon the death of the wife, the entire community property, without administration, belongs to the surviving husband." [4] Mr. Marshall became the absolute owner of the community property from the moment of the death of his wife. It was never any part of his deceased wife's estate. (*Estate of Klumpke,* 167 Cal. 415, [139 Pac. 1062].) And the title to the common property having passed absolutely to the present intestate, as well also such of the separate estate of his predeceased spouse, as was set out in the report of the inheritance tax appraiser, then whatever title would, by virtue of subdivision 8 of section 1386 of the Civil Code, pass to Marjorie O'Neill must go directly to her from the estate of Thomas E. Marshall. [5] The source of his title is immaterial so far as the extent of his estate in such property is concerned; but the source of his title would be material in establishing the identity of his heirs under subdivision 8 of the section last referred to. The respondent's relationship to her deceased mother would be the determining factor in establishing her status as an heir of Thomas E. Marshall; but the title to the property she is entitled to receive by reason of that status would not relate back for its origin, to her mother. It would come directly to her from her stepfather. She would take as the heir of Marshall. (*Estate of Watts,* 179 Cal. 20, [175 Pac. 415].)

It was the view of this court in the case of *Wright* v. *Rohr,* 41 Cal. App. 265, [182 Pac. 469], in which a petition for hearing in the supreme court was denied, that subdivision 8 of section 1386 of the Civil Code establishes a rule of succession applicable in the specified contingencies, and did not create a limitation upon the power of the surviving holder of community property to convey such property, and that the subdivision of the section referred to fully recognized the right of the owner to dispose of such property either by gift *inter vivos* or by last will and testament.

And this court previously expressed the same views in the case of *Veirs* v. *Roberts,* 39 Cal. App. 684, [179 Pac. 689],

in which it was unsuccessfully contended by the appellants that proceeds of the community property held by a widow should be regarded as held in trust for the issue of her predeceased spouse and herself, and that under the provisions of section 1386 of the Civil Code she had no legal right to make a transfer of the property.

[6] Since Marjorie O'Neill takes as an heir of Marshall, and her inheritance consists of property to which he had the full and unconditional title, there seems no escape from the conclusion that she takes as a stranger to him, and that she should, therefore, be compelled to pay the greater tax.

Not only do we believe our conclusion in this case to be in entire harmony with the previous decisions of this court, to which reference has already been made, but also to be in full accord with the opinion of the supreme court, as to the effect of subdivision 8 of section 1386 of the Civil Code, as expressed in the *Estate of Brady,* 171 Cal. 1, [151 Pac. 275].

It follows, then, that the order of the trial court modifying the report of the inheritance tax appraiser should be reversed, and the trial court be directed to overrule the objections to said report, and make its order confirming said report and fixing the tax as therein provided. It is so ordered.

Waste, P. J., and Richards, J., concurred.