[Civ. No. 5779.   Third Appellate District.—March 25, 1937.]

BANK OF AMERICA NATIONAL TRUST & SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. SPARR REALTY CORPORATION (a Corporation) et al., Appellants.

W. U. Handy and Clay & Handy for Appellants.

Freston & Files, Ralph E. Lewis, Louis Ferrari and Edmund Nelson for Respondent.

PLUMMER, J.—This action was begun to recover an alleged unpaid balance upon two promissory notes, one in the amount of $291,801.13, and the other of the value of $27,924.44. Upon the larger note there had been credits which left the amount due the sum of $253,301.24. As to the smaller note, nothing appears to have been paid. The notes in question were executed by the defendant Sparr Realty Corporation, a corporation, and guaranteed as to payment by W. S. Sparr individually. Judgment went in favor of the plaintiff for the amounts unpaid, with interest from March 8, 1934. From this judgment defendants have appealed.

While other questions are presented for consideration, the case really presents a problem as to the security originally held as collateral for the two notes. The original security of the notes consisted of two elements: 1st, A pledge of a number of separate notes and trust deeds; and, 2d, Collateral assignments of beneficial interests in four trusts. The notes and trust deeds pledged were, upon default, sold at a pledgee's sale, the proceeds of the sale being credited against the larger note. It does not appear that the appellants are complaining of any feature of the sale, save and except as to the sale of the assignment of the beneficial interest of the appellants in and to the proceeds of certain trusts. On the part of the plaintiff it is contended that the assignment of the beneficial interest in the trusts hereinafter mentioned were personal property, and had become such by what is termed an "equitable conversion".

The plaintiff proceeded to sell the beneficial interests assigned as collateral in accordance with the terms of the as-

signment, and not in accordance with the code provisions relating to the sale of an interest in real property or the sale of real property.

If the beneficial interests mentioned in the assignment were in fact personal property, and had become such under the terms of the assignment, and may be considered, and were intended by the parties to be considered as an equitable conversion, if conversion were necessary, then and in that case there appears to be no substantial merit in the appeal. On the other hand, if the beneficial interests assigned to the plaintiff constituted only the conveyance of an interest in real property, then the judgment should be reversed.

The appellants, among other grounds of defense, pleaded the statute of limitations, which, of course, would bar the action if this cause is one dealing with realty and not personalty.

The basis of this action dates back to the 16th day of May, 1922, when the appellant, W. S. Sparr, who theretofore had been operating as a subdivider of real estate, executed and delivered to the Hellman Commercial Trust and Savings Bank, of Los Angeles, a deed to certain real estate situate in the county of Los Angeles. Thereupon the Hellman Commercial Trust and Saving Bank executed and delivered a certain declaration of trust designated as ''No. 164–N.S.'', in which W. S. Sparr was named as beneficiary. Thereafter, two certain other declarations of trust were executed and delivered to W. S. Sparr by the Hellman Commercial Trust and Savings Bank, designated and known as ''No. 265 and No. 265–b, N. S.'' Thereafter, the Hellman Bank was taken over and all its interests absorbed by the plaintiff in this action, and on the 30th day of July, 1927, the appellant, W. S. Sparr, deeded to the Merchants National Trust and Savings Bank of Los Angeles, which then was the successor of the Hellman Commercial Trust and Savings Bank, additional property, and a certain other declaration of trust was executed known as ''Trust No. 760, N.S.'' The plaintiff in this action has succeeded to the interests on behalf of said banks in and to the real property deeded as aforesaid, and also has become obligated to carry out the terms of the declarations of trust. These declarations of trust provided for the sale of the property conveyed by the deeds referred to, which conveyances purported to have been made without any money consideration, the purpose of the transaction being to subdivide

the properties mentioned, sell the same in lots, and apply the proceeds to the expenses thereof, the liens upon the property, and after all the expenses have been paid and the liens discharged, and the compensation made as provided in the declarations of trust, the surplus was to be paid to the appellants in this action.

It appears that the interest of W. S. Sparr was by him assigned to the appellant, Sparr Realty Corporation.

Prior to the time when the interests of the various banks in the proceedings hereinbefore enumerated had become vested in the plaintiff, the Sparr Realty Corporation, on the 15th day of May, 1930, executed and delivered to the Merchants Trust and Savings Bank, of Los Angeles, a certain promissory note evidencing the fact that the Sparr Realty Corporation had borrowed from said bank $291,801.13, with interest thereon to be paid at the rate of seven per cent per annum. The assignment in connection with this note reads as follows: ''And the said Corporation hereby pledges to, and deposits with Merchants National Trust and Savings Bank of Los Angeles, as collateral security for the payment of this note, or any other liability or liabilities to said Corporation, to Merchants Trust and Savings Bank of Los Angeles, when due or to become due, or which may hereafter be contracted, the following property, to-wit: Collateral assignment of beneficial interest in and to Trust Nos. 164, 164–b, 265, 265–b and 760, N.S. The assignment in relation to this note of the beneficial interest in and to the trusts referred to, provides, upon default, that sales thereof be made as follows: 'Said trustee shall publish notice of the time and place of such sale, with a description of the interest in said trust to be sold, at least once a week for three successive weeks in some newspaper published in the City of Los Angeles, California, and may from time to time postpone such sale by publication of a notice of postponement in the same newspaper in one issue only prior to the date of the sale fixed by said notice of postponement, or at its option, by public announcement thereof at the time and place of sale so advertised; and on the day of sale so fixed said trustee may sell said interest or any portion thereof at public auction, to the highest bidder for cash in gold coin, and after such sale and after due payment made, said trustee shall execute and deliver to the purchaser or purchasers an assignment or assignments of the interest

or interests in said trust so sold to such purchaser or purchasers, subject to all of the terms and conditions thereof.' "

The assignment then provides for the payment of expenses, payment of the notes, and any surplus to be paid to the assignors. A similar assignment covers and secures the smaller note heretofore mentioned. The declarations of trust provide only for the sale of the property mentioned in lots, as the same might be subdivided, for such prices as the trustor might designate, it being specified in the declarations of trust that certain lots were not to be sold for less than a certain sum. There is nothing in any of the declarations indicating that the parties intended that any of the real property should ever be transferred to, or vested in the trustor. The sole purpose and intent, as we gather it from the declarations of trust, was for the subdivision and sale of the real property theretofore conveyed by deed, and a division of the surplus for paying over the surplus, if any, to the trustor after deducting all the expenses thereof. All of the declarations of trust are similar in language, save as to trust No. 760, which contains a declaration that the beneficial interest assigned is considered as personal property.

The language of the assignments of the beneficial interest owned by the appellants, or rather, by the appellant, Sparr Realty Corporation, is in the form of an assignment of personal property. The language is not in the form of a grant but in the form of a pledge, and if the intention of the parties was to treat the beneficial interests as a pledge in the nature of personal property, then and in that event the intention then and there expressed prevails throughout the entire transaction.

In behalf of their contention that the sale of the beneficial interest assigned to the plaintiff was not in accordance with the sale of real property, and therefore void, the appellants rely specially upon two California cases: 1st: The case of *Title Insurance & Trust Co., a Corporation,* v. *Duffill,* 191 Cal. 629 [218 Pac. 14]. The language of the trust in the Duffill case, however, clearly distinguishes the trust there being considered from the trusts presented to us upon this appeal. After certain contingencies, the property in question, to wit, the *corpus,* was to be conveyed to Harry Duffill. The trustees there took the property for the purpose of management, paying expenses, collecting revenues, paying over

the income as directed, and at the expiration of a number of years, to convey the *corpus* as we have stated. In the Duffill case the trustees took the property for a specific purpose, to wit, eventually to convey. This left in Harry Duffill, or rather, vested in Harry Duffill, a right, according to the trust declaration or agreement, to have the *corpus* of the trust conveyed to him according to the terms thereof. In the decision in that case the court says: "In seeking the true construction of a declaration of trust, the guiding principle must be the intention of the settler, his intention as expressed, not what did he intend to say, but what did he intend by what he did say, must be the test." That is the test to be applied upon this appeal,—what was intended by the declarations of trust? The answer is,—to sell the property, pay all the expenses, discharge the liens, and render to the appellants the profits, if any, remaining as their beneficial interests.

The second case relied upon by the appellants is that of *Lynch* v. *Cunningham*, 131 Cal. App. 164 [21 Pac. (2d) 154]. The opinion in the Cunningham case follows the rules laid down in the Duffill case, and being similar as to its facts, the same conclusion was reached. It may be stated, however, that in both the Cunningham and the Duffill cases the rights of third parties were being considered, and not alone, the intention of the parties involved in the assignments and declarations of trust. In both the Cunningham and the Duffill cases the reconveyance of the *corpus* appeared to be within the contemplation of the parties involved in the transaction. In the case at bar that intention appears to us to be entirely absent. Not a single one of the trusts indicates any contemplation that the real property should ever be returned or reconveyed to the beneficiary; that the interests of the beneficiary consisted solely in whatever the surplus might be. This, we think, brings the case squarely within the provisions of section 863 of the Civil Code which reads as follows: "Except as hereinafter otherwise provided, every express trust in real property, valid as such in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust." Paraphrasing the language somewhat, after the execution of the instruments referred to herein, there remained in the beneficiary no interest in the real estate, but only the interest

in the surplus or profits, if any, attendant upon the execution of the trust.

Almost identical questions presented for our consideration have received elaborate expositions and answers in three Appellate Court decisions, to wit: First is that of *Craven* v. *Dominguez Estate Co.*, 72 Cal. App. 713 [237 Pac. 821]. In that case the declaration of trust is very similar to the declarations here involved. The property was to be sold; the interests, if any, were the profits of the beneficiary. In the Craven case it was held to be an express trust to sell the real property and dispose of the proceeds according to the instruments of trust; that the trust declaration brought the case within the terms of section 863 of the Civil Code. The remedy of the beneficiary was held to be the enforcement of the trust. (Citing in support thereof, *Ward* v. *Waterman*, 85 Cal. 488 [24 Pac. 930].) In the Craven case we also find the following language: "Thus, where a trust deed creates a valid trust, gives a power of sale to the trustee at the request and for the beneficiary under the deed, no power of revocation being reserved, no estate in the premises is left in the trustor which is capable of being transferred." (Citing, 39 Cyc. 245; *Marvin* v. *Smith*, 46 N. Y. 571; *Kopp* v. *Gunther*, 95 Cal. 63 [30 Pac. 301]; *Wilhoit* v. *Cunningham*, 87 Cal. 453, 454 [25 Pac. 675].)

The second case is that of *Finney* v. *Smith*, 83 Cal. App. 707 [257 Pac. 866], involving a trust where the owner had conveyed to trustees, by means of declaration of an express trust for the purpose of selling and distributing the proceeds in a specified manner, and where the trust instrument contained no reservation of title or right of revocation, section 863 of the Civil Code applied, and there remained in the trustor no legal or equitable interest in the real property; that the right of the trustor related only to the profits or the beneficial interests as the same might appear to be on the execution of the trust. The opinion in the Smith case takes up and reviews the different decisions having to do with like questions as those presented here, and reaches the conclusion as urged by the respondent, that the transaction amounts to an equitable conversion, and the beneficial interest is to be treated as personal property.

The third case is that of *Houghton* v. *Pacific Southwest T. & S. Bank*, 111 Cal. App. 509 [295 Pac. 1079]. The trust there involved was to sell property, no provision being made

for the return of the *corpus*. What that case holds is best illustrated by the following excerpt taken from the opinion listing the authorities upon which the court relied, to wit: ''Under the law of this state the interest of Raymond as beneficiary of the trust in question was not an interest in the real property, but was personal property. The creation of the trust vested in the trustee the whole estate in the real property subject only to the execution of the trust (Civ. Code, sec. 863), and Raymond as beneficiary retained no interest in the land which was subject to attachment by levy upon the real property. (*Ward* v. *Waterman,* 85 Cal. 488 [24 Pac. 930].) It has been said that the interest of the beneficiary consists of 'merely a chose in action, an interest in a fund of money to be realized in the future by the sale of real property; by the making of the trust agreement he had converted any . . . interest in the real property which he possessed into a right only to receive money in lieu thereof, and this right was undoubtedly personal property'. (*Marble Co.* v. *Merchants Nat. Bank,* 15 Cal. App. 347, 351 [115 Pac. 59, 61]. See, also, *Craven* v. *Dominguez Estate Co.,* 72 Cal. App. 713 [237 Pac. 821] ; *Ward* v. *Waterman, supra;* Civ. Code, sec. 663; Code Civ. Proc., sec. 17, subd. 3.) ''

The appellants further complain that the court excluded testimony as to the value of the *corpus* of the trust. An examination of the pleadings reveals that there are no allegations in anywise attacking the regularity and legality of the sale of the beneficial interests in the trusts theretofore belonging to the appellants, save and except as to whether such beneficial interests constituted personal property, or an interest in real estate.

There is nothing in the pleadings upon which a charge of undue influence or fraudulent conduct on the part of the plaintiff could be based. Nor is there anything in the pleadings upon which it may be reasonably asserted that the provisions of section 2235 of the Civil Code can be applied. There is nothing in the record, so far as we have been able to ascertain, or which has been called to our attention, indicating that the trustee has obtained any advantage or exercised any undue influence over the beneficiary. The record shows that the appellants have been loaned exceedingly large sums of money, and that to secure the payment of the same, assignments were made of beneficial interests, pledging the same as security for repayment.

The proceedings referred to herein were instituted just preceding the prolonged national depression. The property proposed to be subdivided and sold in lots during the depression years found no market, with the result that the whole enterprise appears to have been more or less of a financial failure.

We gather from the record that the *corpus* of the trust still held by the plaintiff is encumbered by large sums of money so that the allegations contained in appellants' brief as to the value thereof must be read in the light of such outstanding liens and obligations.

We have not attempted to analyze all the authorities cited by respective counsel, but only those which we think decisive of the questions involved in this action.

The judgment of the trial court is affirmed.

Thompson, J., and Pullen, P. J., concurred.