[Civ. No. 20864. Second Dist., Div. Three. Sept. 8, 1955.]

Estate of WILLIAM M. BAIRD, Deceased. LYDIA HENIG-
BAUM et al., Respondents, v. ETHEL BAIRD SCOTT
et al., Appellants.

Guy Richards Crump and Ernest R. Purdum for Appellants.

John E. Clay and Helen P. Clay for Respondents.

VALLÉE, J.—Appeal from a part of an order instructing a trustee with respect to whom trust property shall be delivered on termination of the trust. (Prob. Code, § 1120.) The question is whether certain separate personal property of a predeceased spouse, William M. Baird, bequeathed by him in trust to a bank and his surviving wife, Margaret L. Baird, for the life of Margaret with provision for the payment of the income to her during her life and with a power of appointment by her will—was vested, on her death, when she did not exercise the power as to the particular property, in the persons designated in section 225 of the Probate Code or in those designated in section 229 of that code.

The will of William M. Baird, incorporated verbatim in the decree of distribution in his estate, bequeathed one-fourth of the residue as follows:

"One-fourth thereof to said Pacific-Southwest Trust & Savings Bank and Margaret L. Baird, in trust, however, upon the following terms and conditions: . . .

"2. [To pay the] 'net income' in as nearly equal monthly installments as possible to my said wife Margaret L. Baird, such payments to be made to her for and during the term of her natural life and be payable to her upon her sole and separate receipt therefor.

"In the event that the net income from this trust fund shall fail to provide a monthly income to my said wife of at least Three Hundred ($300.00) Dollars per month during each calendar year of the life of said trust, then said Trustees are authorized and directed to make payment out of the principal of the trust of such sum or sums which together with the net income will provide a regular monthly disbursement to my said wife of Three Hundred ($300.00) Dollars per month.

"3. Upon the death of my said wife this trust shall finally cease and terminate and payment and distribution of the principal of such trust, together with any undisbursed net income in the hands of the Trustee shall be made as follows, to wit:

"(a) In accordance with the terms of any last will and testament of hers duly probated.

"(b) If she shall die intestate then to her heirs at law per the then existing statute of succession of the State of California."

The will also provided that Margaret L. Baird should not have power or authority to transfer or encumber the trust property during the term of the trust.

William and Margaret were married in 1903. William died in 1924. Margaret died testate on March 6, 1951. Her will has been admitted to probate in the Superior Court in and for the County of Los Angeles. Margaret in her will exercised the power of appointment as to only a part of the trust property. She did not exercise it as to the property—the subject matter of this proceeding.

William left surviving him three children of a former marriage, Ethel Baird Scott and Clarence Baird, who are still living, and Clifford Baird, who died in 1930 leaving a daughter, Dorothy Hodges. These children and the grandchild of William are the appellants. Margaret did not leave surviving her either spouse or issue. She left a sister, nieces and nephews, a grandnephew, and grandnieces. These relatives of Margaret are the respondents.

On the petition of Security-First National Bank of Los Angeles, successor to Pacific-Southwest Trust and Savings Bank, referred to as the bank, as surviving trustee for an order determining to whom the trust property shall pass and be delivered, the court found that (1) William, by the quoted provisions of his will, intended to and did thereby bequeath and devise all of the unappointed part of the trust to the blood relatives of Margaret and not to his own blood relatives, and title to such property had passed by the decree of distribution in the estate of William to and vested in the blood relatives of Margaret; (2) Margaret died intestate "as to that part of the power of appointment over said trust estate not exercised by her will." An order followed directing the bank to pay over and distribute the unappointed part of the trust property to the blood relatives of Margaret.

Since Margaret did not exercise the power of appointment, according to William's will and the decree of distribution in his estate the property in question was vested in Margaret's "heirs at law as per the then existing statute of succession of the State of California." Appellants claim that Probate Code section 229 applies and that they are Margaret's heirs at law since the property was the separate property of William and they are the persons designated in that section. Respondents say Probate Code, section 225, applies and that they are Margaret's heirs at law since they are the persons designated in that section.

The heirs of a person are those whom the law appoints to succeed to his property in case he dies without disposing of it by will. (*Hochstein* v. *Berghauser*, 123 Cal. 681, 687 [56 P. 547]; *Estate of McCrum*, 97 Cal.App. 576, 579 [275 P. 971].) The word "heirs," when unexplained and uncontrolled by the context, is to be construed according to its strict legal import, in which sense it designates the persons who would by the statute succeed to the estate of the deceased in case of intestacy. (*Hochstein* v. *Berkhauser, supra*.)

Probate Code, section 108, in material part reads:

"A testamentary disposition to 'heirs,' . . . of any person, without other words of qualification, and when the terms are used as words of donation, and not of limitation, vests the property in those who would be entitled to succeed to the property of such person, according to the provisions of Division II of this code. . . ."

Division II, chapter II, article I, sections 220-231, treats of

succession to separate property. The predecessor of sections 220-231 was section 1386 of the Civil Code.

Section 220 provides that the separate property of a person who dies without disposing of it by will is succeeded to and must be distributed as provided in sections 221-231, with exceptions not relevant here.

Section 225 reads:

"If the decedent leaves neither issue nor spouse, the estate goes to his parents in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to his brothers and sisters and to the descendants of deceased brothers and sisters by right of representation."

Section 229 reads:

"If the decedent leaves neither spouse nor issue, and the estate or any portion thereof was separate property of a previously deceased spouse, and came to the decedent from such spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent, such property goes in equal shares to the children of the deceased spouse and to their descendants by right of representation, and if none, then to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of the deceased spouse and to their descendants by right of representation."

Appellants are heirs of Margaret only if section 229 controls. ▉ Section 229 deals with descent from a surviving spouse. (See *Estate of McArthur*, 210 Cal. 439, 444 [292 P. 469, 72 A.L.R. 1318].) The section is applicable if the property is that of a person (Margaret) who dies without disposing of it by will. It controls the devolution of property vested in a person who dies intestate. ▉ The property must have come to such person from his or her predeceased spouse "by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead or in a joint tenancy between such spouse and the decedent." It is only then that the origin or source of the property is the determining factor in the descent and distribution of a decedent dying intestate without spouse or issue. ▉ Persons taking as heirs under section 229 take title to property of the surviving spouse, not to property of the predeceased spouse. (*Estate of Abdale*, 28 Cal.2d 587, 589-592 [170 P.2d 918]; *Estate of Harris*, 9 Cal.2d 649, 664 [72

P.2d 873]; *In re Kessler*, 217 Cal. 32, 34 [17 P.2d 117];
*Estate of Simonton*, 183 Cal. 53, 60 [190 P. 442]; *Estate of
Marshall*, 42 Cal.App. 683, 686-687 [184 P. 43]; *Estate of
Hobart*, 82 Cal.App.2d 502, 506-509 [187 P.2d 105]; *Estate of
Stagnaro*, 107 Cal.App.2d 98, 100 [236 P.2d 593].) Thus, in
order that section 229 apply, the separate property of William
must have vested in Margaret and have come from him.

The testamentary disposition is that of William, not of
Margaret. This is not a case of succession to Margaret's
estate or any part of it. We are dealing with a bequest and
devise made by William in his will. This court construed
William's will in *Estate of Baird*, 120 Cal.App.2d 219 [260
P.2d 1052]. One of the questions there was whether the trust
property should be distributed under the decree of distribution
in the estate of William, or whether it should be delivered
to the executor of Margaret's will to be blended and merged
with her individual assets for purpose of administration. We
declared (p. 225):

''The remainder or portion of the trust property as to which
Margaret did not exercise her power of appointment should
be distributed under the said subdivision '(b)' provision of
the decree of distribution in the estate of William M. Baird,
that is, it should be distributed by the trustee, under the
provisions of the testamentary trust of William, to the heirs
of Margaret according to the law of succession, as bequests
or gifts direct from William to the heirs of Margaret. The
words 'die intestate,' as used in the provision of the trust
decree that if Margaret should 'die intestate,' should be inter-
preted to mean that if Margaret should die without leaving
a will wherein she appointed or designated persons who should
receive the trust property.

[P. 227.] ''Appellants assert further that the unappointed
or undisposed of part of the trust property should not become
a part of Margaret's estate, because the trust property was
the separate property of William and since Margaret was
not survived by a husband or issue, the property, if it should
become a part of her estate, would go, under section 229 of
the Probate Code, to the children of William. The will of
William and the trust decree indicate that it was the intention
of William that the trust property (here involved) should
go to the heirs of Margaret if she did not appoint the property
in her will.

''The court ·erred in ordering that the unappointed part
of the trust property be delivered to the executor of Margaret's

will to be blended and merged with her individual assets for the purpose of administration in her estate.

"Under the circumstances here, the appointed portion of the trust property (the portion disposed of by Margaret in her will) also was not distributable as a part of Margaret's estate. In the case of *United States* v. *Field,* 255 U.S. 257 [41 S.Ct. 256, 65 L.Ed. 617], it was said at page 264: '[W]hether the power be or be not exercised, the property that was subject to appointment is not subject to distribution as part of the estate of the donee. If there be no appointment, it goes according to the disposition of the donor. If there be an appointment . . . then . . . it goes not to the next of kin or the legatees of the donee, but to his appointees under the power.' In the case of *In re Taylor's Will,* 116 N.Y.S.2d 314, it was said at page 317: 'There being no provision in the will, express or implied, that the appointive property . . . be brought into the donee's estate and blended with her individual property . . . such property passes directly, under the instruments granting the powers, to the appointees.' In *Hooker* v. *Drayton,* 69 R.I. 290 [33 A.2d 206, 150 A.L.R. 723], it was said at page 296: '[T]he appointee of the appointed property benefits not out of the estate of the donee of the power, but out of the estate of the donor. "It is a recognized rule of the common law that a bequest which comes to a beneficiary through the exercise of a power of appointment or by reason of a failure of its exercise is a gift to the beneficiary from the creator and not from the donee of the power."' In *Estate of Elston,* 32 Cal.App.2d 652, it was said at page 659 [90 P.2d 608]: 'A power of appointment is a delegation by the donor, in the disposition of his property, to the donee who does not become the owner and holds only as trustee.'"

*Estate of Page,* 181 Cal. 537 [185 P. 383], makes the pertinent distinction. There the will of the wife gave the residue to her husband with the proviso that if he died first " 'I give, bequeath and devise one-fourth of the rest, residue and remainder of my estate to his lawful heirs and the balance, after deducting said one-fourth, to be equally divided among *my lawful heirs.*' " The husband died first. The property of the wife at the time of her death consisted in part of community property, in part of property which had been separate property of her deceased spouse, and in part of her separate property. The court held that the property derived from the predeceased spouse should be distributed in accordance with Civil Code, section 1386, subdivision 8 (now Prob. Code,

§§ 228 and 229), but that the separate property of the decedent should be distributed in accordance with Civil Code, section 1386, subdivision 3 (now Prob. Code, § 225).

The trust in the present cause came into existence and the legal title to the property included therein vested in the trustees at the death of William. The decree of distribution of the trust property to the trustees operated merely to confirm such title in the trustees. The interests of the appointees of Margaret under the power of appointment, or of her heirs in the event of its nonexercise, were remainders; whether vested or contingent, we need not determine. (See *Estate of Norris,* 78 Cal.App.2d 152, 162 [177 P.2d 299].)

The interests of the remaindermen likewise came into existence on William's death. (*Estate of Dunphy,* 147 Cal. 95, 100-102 [81 P. 315]; *Estate of Lefranc,* 38 Cal.2d 289, 297 [239 P.2d 617].) During the life of the trust, Margaret, as cotrustee, was a tenant in common of the legal title of the trust property. As beneficiary she had no estate in the trust property; she only had an interest in the income; she only had the right to enforce performance of the trust. (*Ephraim* v. *Metropolitan Trust Co.,* 28 Cal.2d 824, 836 [172 P.2d 501]; *Estate of Troy,* 214 Cal. 53, 56 [3 P.2d 930]; *Anglo California Nat. Bank* v. *Kidd,* 58 Cal.App.2d 651, 654 [137 P.2d 460].)

Under the provisions of section 871 of the Civil Code, "When the purpose for which an express trust was created ceases, the estate of the trustee also ceases." The rights and interests which Margaret and her cotrustee owned, held, and controlled as trustees ceased on her death; and in place thereof there existed in her appointees, or in the event she did not exercise the power of appointment, in her heirs at law, the right to and ownership of the properties of the estate of William which had theretofore been subject to the trust. None of such rights or interests passed as her property or became a part of her estate. (*Meyer* v. *Superior Court,* 200 Cal. 776, 789 [254 P. 1108]; *Estate of Baird, supra,* 120 Cal.App. 2d 219.)

The relation of Margaret as a beneficiary of the trust terminated on her death. The provision for the payment to Margaret of the trust income with power to invade the corpus to make $300 a month, limits the gift to her to her life. It did not survive her death, and no right of payment to her estate followed her death. If we assume that by reason of the fact that if the net income did not amount to $300 a

month the trustees had the power to invade the corpus to make that amount, Margaret had an equitable estate in the trust assets (see *Gray* v. *Union Trust Co.,* 171 Cal. 637 [154 P. 306]; *Estate of Duffill,* 180 Cal. 748 [183 P. 337]; *Lynch* v. *Cunningham,* 131 Cal.App. 164 [21 P.2d 154, 973]; *Bank of America* v. *Sparr Realty Corp.,* 20 Cal.App.2d 10, 14-17 [66 P.2d 476]; 13 Cal.L.Rev. 76), such estate terminated on her death. The fact that she may have had an equitable estate during the life of the trust cannot be held to support a legal estate in remainder predicated thereon. (*Dickey* v. *Walrond,* 200 Cal. 335, 342-345 [253 P. 706].) Her death worked an immediate elimination of any interest she may have had in the trust assets and all right, title, and interest theretofore held, owned, or exercised by the trustees and all rights and interests theretofore held, owned, or exercised by Margaret as beneficiary, and all such rights were vested in those appointed by her will, or in case of nonexercise of the power of appointment in her heirs at law. On her death her appointees or heirs were the owners and entitled to the possession of the trust property. (*Meyer* v. *Superior Court, supra,* 200 Cal. 776, 788-789.) None of the trust property stood in Margaret's name to be distributed according to the provisions of section 229. (See *Estate of Reizian,* 36 Cal. 2d 746, 750 [227 P.2d 249]; *Estate of Harris,* 9 Cal.2d 649, 661, 664 [72 P.2d 873].)

 Section 229 applies only in the event of intestacy of the surviving spouse. (*Estate of Brady,* 171 Cal. 1, 6 [151 P. 275].) This is not a true case of intestacy of Margaret as to the property in question. The ordinary meaning of intestacy is dying without having made a will disposing of property of the decedent. As used in William's will, intestacy means "that if Margaret should die without leaving a will wherein she appointed or designated persons who should receive" all or a part of the trust property. (*Estate of Baird, supra,* 120 Cal.App.2d 219, 226.)

*Estate of Watts,* 179 Cal. 20 [175 P. 415], cited by appellants, is distinguishable. There the property in question had come to the surviving spouse from the predeceased spouse and was part of the estate of the surviving spouse. The court was concerned with the right to succeed to the property of a surviving spouse derived from a predeceased spouse.

 We hold that section 229 is not applicable and that, as held by the probate court, the unappointed remainders

are vested in respondents, the persons designated in section 225 of the Probate Code.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

The petition of appellants Ethel Baird Scott, Clarence Baird and Dorothy Hodges for a hearing by the Supreme Court was denied November 3, 1955. Carter, J., was of the opinion that the petition should be granted.